BALL, APPELLANT, *v.* HILTON HOTELS, INC., D. B. A. TERRACE HILTON HOTEL, APPELLEE.

(No. 11638—Decided January 24, 1972.)

*Messrs. Beall, Hermanies & Bortz,* for appellant.
*Messrs. Barbour, Kimpel & Allen,* for appellee.

HESS, P. J. This is an appeal from a summary judgment entered by the Court of Common Pleas of Hamilton County, in favor of defendant, appellee here. Herein, the parties will be referred to as they appeared in the trial court.

It appears from the record that the plaintiff, a resident of Michigan, went to Cincinnati, Ohio, on May 27, 1967, with a reservation to stay at the defendant's hostelry, known as the Terrace Hilton Hotel.

Upon arrival at the hotel, she was informed by the defendant's doorman that there was a downtown area electric power failure and there was no lighting or elevator service in the hotel. The hotel lobby and registration desk were on the eighth floor of the hotel building. The plaintiff checked her baggage with the doorman and then inquired about the use of restroom facilities.

In response to her request, the doorman advised plain-

tiff the restroom was downstairs; that it would be quite dark on the staircase due to the electric power failure; that plaintiff would not be able to see the doors to the restrooms; and that the doors to the restrooms were located to the right of the bottom of the stairway. The doorman gave the plaintiff a small lighted candle, and she proceeded down the darkened stairway, moving slowly and carefully by groping along the handrail.

After arriving at the platform portion of the stairway, plaintiff began to grope about for the restroom door and while so doing she fell to the bottom of the stair steps and received personal injuries which are the subject of this appeal.

In her complaint against the hotel, plaintiff alleges that her personal injuries and resulting damage were directly and proximately caused by the negligence of the defendant in inducing her to enter a hazardous, darkened area of the hotel facility.

Following the filing of the answer by the defendant and the reply to the answer by the plaintiff, defendant filed a motion for summary judgment in favor of the defendant, on August 24, 1970. On October 6, 1970, plaintiff filed a number of interrogatories, and on October 13, 1970, filed a motion for continuance on the hearing for summary judgment to permit the plaintiff to complete her discovery before the motion for summary judgment was heard. The motion for continuance was overruled and the hearing proceeded. On March 24, 1971, the trial court granted summary judgment in favor of defendant.

In her appeal, plaintiff presents two assignments of error which this court will consider in the order submitted.

The first assignment claims the trial court erred in overruling plaintiff's motion for continuance of the hearing for summary judgment.

The record discloses that defendant's motion for summary judgment filed on August 24, 1970, was based upon the claim that the plaintiff assumed the risk when she proceeded down the darkened stairway. The motion for continuance is governed by Civil Rule 56(F) which provides

that it is within the discretion of the trial court to grant or deny a motion for continuance of a summary judgment hearing for the purpose of allowing discovery.

The incomplete discovery which the plaintiff claimed and desired to pursue during a continuance was composed of a series of interrogatories presented by the plaintiff. An examination of the interrogatories reveals that none of the questions posed, when answered, would serve to establish or negate assumption of the risk which was the issue to be resolved on the motion for summary judgment. It would have served no purpose to have granted a continuance to discover facts not related to assumption of the risk. It is evident that the trial court did not abuse its discretion in overruling the motion for continuance.

For the reasons presented, we find that the first assignment of error has no merit.

In assignment of error number two, the plaintiff claims the trial court erred in granting defendant's motion for summary judgment and finding as a matter of law that the plaintiff had assumed the risk of her injury.

Before the defendant would be entitled to a summary judgment on the theory of assumption of the risk, it must be proven that plaintiff had full knowledge of a condition; that the condition was patently dangerous; and that she voluntarily exposed herself to the hazard created. *Briere v. Lathrop Co.*, 22 Ohio St. 2d 166.

The plaintiff's own deposition supports the conclusion that she was told that the electric power in the downtown area had failed and there was no light or electric power in the defendant's hotel; that it was dark in the stairway leading to the hotel restrooms; that plaintiff had full knowledge of the darkness when she walked down the stairway with a small lighted candle; and that she moved slowly and carefully as she descended the stairway.

The plaintiff contends that her action at the hotel did not establish assumption of risk, but presented the question of contributory negligence. It has been recognized that contributory negligence and assumption of risk may co-exist. Assumption of risk and contributory negligence

are not synonymous because contributory negligence is based upon carelessness whereas assumption of risk is based upon venturousness. *Plotkin* v. *Meeks,* 131 Ohio St. 493; *Chardon Lakes Inn Co.* v. *MacBride,* 56 Ohio App. 40; *Ricks* v. *Jackson,* 169 Ohio St. 254; *Porter* v. *Toledo Terminal Rd. Co.,* 152 Ohio St. 463.

Since it appears there is no genuine issue of any material fact, the trial court correctly determined the plaintiff assumed the risk of her injury and damage when she proceeded into the darkened area of the premises in question. It follows that for the reasons presented herein, assignment of error number two is not well taken.

Therefore, it is ordered that the judgment of the Court of Common Pleas of Hamilton County, Ohio should be, and hereby is, affirmed.

*Judgment affirmed.*

YOUNG and SHANNON, JJ., concur.