**GLIMCHER, Appellee,**

**v.**

**REINHORN, Appellant.**

[Cite as *Glimcher v. Reinhorn* (1991), 68 Ohio App.3d 131.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–288.

Decided Aug. 6, 1991.

**132**

*Schottenstein, Zox & Dunn, James E. Davidson* and *Robert M. Robenalt,* for appellee.

*E. Bruce Hadden Co., L.P.A.,* and *E. Bruce Hadden,* for appellant.

STRAUSBAUGH, Judge.

Defendant, Richard A. Reinhorn, appeals a judgment of the Franklin County Court of Common Pleas granting partial summary judgment in favor of plaintiff, David A. Glimcher, on the issue of defendant's liability on a promissory note. Following referral to a referee, the trial court overruled the objections to the report of the referee and entered judgment in favor of

plaintiff in the amount of $100,641.12 plus interest at the statutory rate from August 2, 1990.

In 1984, plaintiff and defendant formed an Ohio corporation known as Coin–A–Ticket International, Inc. This company was organized for the purpose of developing a ticket dispenser that would refit existing video games as well as games to be manufactured. Plaintiff and defendant each owned an equal share of the company with plaintiff serving as vice president and defendant serving as president. On April 4, 1984, plaintiff and defendant executed and delivered to Ameritrust Company National Association ("Ameritrust") a promissory note in the amount of $150,000. On the same date, the parties also executed a guarantee of payment of debt which provided that both plaintiff and defendant would be individually, and jointly and severally liable for this debt. Subsequently, Coin–A–Ticket defaulted on the original note with Ameritrust and a replacement note and guarantee were again cosigned by the parties on February 19, 1988. On September 30, 1988, the parties executed a second replacement note with a due date of January 31, 1989, which was again signed by both plaintiff and defendant in their individual capacities.

Ultimately, the parties defaulted on their obligation, and Ameritrust instituted an action to recover all amounts owed on the second replacement note. Thereafter, plaintiff satisfied Ameritrust's demand on the second replacement note by paying almost the entirety of the debt including principal and interest due to Ameritrust.

On August 14, 1989, plaintiff filed the present action against defendant seeking to recover contribution for sums paid by plaintiff to satisfy the obligation to Ameritrust. On August 1, 1990, the trial court granted partial summary judgment in favor of plaintiff on the issue of liability, finding that plaintiff was entitled to contribution. However, the trial court referred the specific amount owed to plaintiff to be determined by a referee. After a full hearing on the issue of damages, the referee issued a report recommending that the trial court enter judgment in favor of plaintiff in the amount of $100,641.12 plus interest. On February 8, 1991, the trial court overruled defendant's objection to the referee's report and adopted the report as its own. In the same entry, the trial court overruled defendant's motion to continue for hearing plaintiff's motion for summary judgment as well as plaintiff's motion to quash a subpoena duces tecum.

On appeal, defendant sets forth the following four assignments of error for this court's review:

"I. The Trial Court erred in granting summary judgment in favor of Plaintiff against the Defendant.

"II. The Trial Court erred in refusing to continue the non-oral hearing on Plaintiff's motion for summary judgment until after Defendant had complied with outstanding discovery requests.

"III. The Trial Court erred in its award of prejudgment interest on Plaintiff's claim for equitable contribution.

"IV. The Trial Court erred in overruling Defendant's objections to the Referee's Findings."

As defendant's first assignment of error argues that the trial court erred in granting summary judgment regarding defendant's liability on the promissory note, this court recognizes at the outset that summary judgment is a procedural device designed for the prompt disposition of an action where the evidence indicates "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Civ.R. 56(C). Since the practical result of granting summary judgment is to deprive a party of a formal trial, summary judgment is to be granted cautiously, resolving doubts and construing the evidence most favorably in behalf of the opposing party. Summary judgment should then be granted only when reasonable minds can come to but one conclusion which is adverse to the opposing party. *Id.*

In a motion for summary judgment, the moving party has the burden of demonstrating that no genuine issue exists as to any material fact. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46. Therefore, the moving party must present evidence on all the material determinative issues presented in an action in order to have a motion for summary judgment granted in his favor. *Rayburn v. J.C. Penney Outlet Store* (1982), 3 Ohio App.3d 463, 3 OBR 544, 445 N.E.2d 1167.

Defendant insists that the trial court erred in granting summary judgment in favor of plaintiff on the basis that there exists a question of fact as to whether defendant was an accommodation party. As a result, defendant maintains that the trial court erred in finding as a matter of law defendant was liable on the promissory note.

It is clear that a party is not liable on an instrument unless his signature appears upon that instrument. R.C. 1303.37(A). In the present case, both plaintiff and defendant signed each of the promissory notes as well as guarantees of payment. Our review of the notes at issue indicates that they fall within the requirements imposed for the existence of a negotiable instrument. See R.C. 1303.01; 1303.03; 1303.02 through 1303.09. Defendant does not dispute the fact that he is the comaker on the note. R.C. 1303.49(A) provides that a maker engages that he will pay the instrument according to its tenor, unlike an endorser, set forth in R.C. 1303.50(A), who engages that he

will pay the instrument according to its tenor only upon dishonor and any required notice of dishonor and protest. Although R.C. 1303.38 provides that there ordinarily exists a presumption that a signature on a instrument constitutes an endorsement, see *Alves v. Baldaia* (1984), 14 Ohio App.3d 187, 14 OBR 205, 470 N.E.2d 459, it has been recognized that when a party signs a promissory note in the lower right-hand corner of an instrument, that party, absent a clear indication otherwise, is regarded as a maker. *Huron Cty. Banking Co. v. Knallay* (1984), 22 Ohio App.3d 110, 22 OBR 311, 489 N.E.2d 1049. In the present case, defendant's signature appeared in the lower right-hand corner of the subject promissory notes. Thus, given the presumption which accompanies the location of defendant's signature, as well as defendant's own statements, this court concludes that defendant was indeed a comaker of the promissory notes at issue.

■ Defendant insists that although he is a maker on the notes, plaintiff cannot seek contribution from him since defendant was an accommodation party. R.C. 1303.51(A) provides that "[a]n accommodation party is one who signs the instrument in any capacity for the purpose of lending his name to another party to it." Although a party is a maker to a promissory note, such status does not necessarily preclude his status as an accommodation party to that note. Rather, the first paragraph of the Official Comment to R.C. 1303.51 provides:

"Division (A) recognizes that an accommodation party is always a surety (which includes a guarantor), and it is his only distinguishing feature. He differs from other sureties only in that his liability is on the instrument and he is a surety for another party to it. His obligation is therefore determined by the capacity in which he signs. An accommodation maker * * * is bound on the instrument without any resort to his principal, while an accommodation indorser may be liable only after presentment, notice of dishonor and protest. * * * " See, also, *Huron Cty., supra.*

■ Accordingly, this court recognizes that a maker on an instrument may at the same time be an accommodation party. This court has previously addressed efforts to support an argument that a party whose signature appears on an instrument does so as an accommodation party. In *Fidelity Title Service v. Ball Homes, Inc.* (1985), 25 Ohio App.3d 52, 25 OBR 219, 495 N.E.2d 964, paragraph one of the syllabus, this court held:

"Usually, proof of the status of an accommodation maker is established by the specific language he adds to his signature, or the position of his signature on the instrument. However, in certain circumstances, oral proof is admissible to prove the accommodation character of a party where no such indication appears in the instrument. (R.C. 1303.51[C] [UCC 3–415(3)], applied.)"

See, also, *Huron Cty., supra.* Accordingly, while oral, or parol, evidence is admissible to demonstrate the accommodation status of a party, unless such proof is to be admitted against a holder in due course who took the instrument without notice of the accommodation, a maker who claims such preferred status has the burden of proving that he was indeed an accommodation party. *Id.;* R.C. 1303.51.

In order to determine whether a party is indeed signing in order to accommodate another party, there are several factors which courts may review to determine whether such status has been demonstrated. First, the position of the maker's signature on the instrument. R.C. 1303.51(D) provides "[a]n endorsement which shows that it is not in the chain of title is notice of its accommodation character." This is one desirable way to indicate the accommodation status of a party since an endorsement outside the chain of title demonstrates accommodation status without the need for any additional words and provides notice to subsequent parties. A second way in which a party may demonstrate his accommodation status at the time he signs the note is to include some additional language which would designate that the accommodating party is entering into a contract of guarantee. See R.C. 1303.52. As previously noted, parties may also demonstrate their accommodation status through the use of parol evidence. R.C. 1303.51(A) recognizes that an accommodation party is signing an instrument for the purpose of lending his name to another party to the instrument. Accordingly, a party seeking to prove his accommodation status may attempt to demonstrate acts consistent with this principle. A party seeking to prove that he is an accommodation party may utilize parol evidence to demonstrate that it was the intent of the parties that one party accommodate the other by lending his name to the instrument. For example, if a party were to receive the proceeds from an instrument, or otherwise directly benefit from the instrument, such would be inconsistent with accommodation status.

In the present case, we are unable to conclude that the trial court erred in granting summary judgment in favor of plaintiff finding that defendant was liable for contribution to plaintiff. The original note, the guarantee, and the replacement notes indicate that defendant was a comaker. Nothing on the notes themselves demonstrates that defendant was accommodating plaintiff in order for plaintiff to receive the proceeds on the note. Moreover, it appears that defendant received the benefit of the proceeds acquired as a result of the promissory notes entered into since those proceeds were used for the parties' jointly operated business. Although defendant now argues that there was an intention between the parties that defendant would only be an accommodation party, defendant testified in his deposition as follows:

"Q. Did you and David [plaintiff] at any time have any agreement between yourselves that he would be responsible for repayment of the note and you would not?

"A. No.

" * * *

"Q. (By Mr. Davidson) What was your understanding?

"A. That either one of us would be responsible for the total amount."

Civ.R. 56(E) states in part:

" * * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

In the present case, we are unable to conclude that defendant demonstrated that there existed a genuine issue of material fact regarding his status as an accommodation party. Although defendant was found to be liable for contribution to plaintiff as a comaker of the notes, defendant could nevertheless ultimately demonstrate that plaintiff was entitled to less than one half of the promissory notes' value, either through payments made by defendant or an agreement between the parties that defendant would receive credit toward his obligation for the work he performed in maintaining the business as an ongoing concern. As we find no error by the trial court in granting partial summary judgment as to defendant's liability, we find defendant's first assignment of error to be not well taken and it is therefore overruled.

In his second assignment of error, defendant insists that the trial court erred in refusing to continue the non-oral hearing on plaintiff's motion for summary judgment until after plaintiff submitted additional documents as requested by defendant. Civ.R. 56(F) provides a method by which a party may seek a continuance on a motion for summary judgment so that he may obtain affidavits opposing the motion or conduct discovery relevant to it. In paragraph two of the syllabus in *Gates Mills Investment Co. v. Pepper Pike* (1978), 59 Ohio App.2d 155, 13 O.O.3d 191, 392 N.E.2d 1316, the court recognized this principle, holding:

"If a party opposing a motion for summary judgment cannot present by affidavit facts which are sufficient to justify his opposition he may seek a continuance or deferral of the court's action on the motion by filing affidavits which must state sufficient reasons why he cannot then present by affidavit facts essential to justify his opposition to the motion and why or how the

continuance, deferral of action, or discovery would permit him to obtain such facts. Civ.R. 56(F)."

The court further recognized:

" * * * Mere allegations requesting a continuance or deferral of action for the purpose of discovery are not sufficient reasons why a party cannot present affidavits in opposition to the motion for summary judgment. There must be a factual basis stated and reasons given why it cannot present facts essential to its opposition to the motion. If this is done, the trial court has several alternatives. It may refuse the application for summary judgment; it may order a continuance to permit affidavits to be obtained in opposition to the motion for summary judgment; it may grant a continuance for further discovery; or it may make such other order as is just. These are all within the trial court's discretion and are not mandatory. Civ.R. 56(F)." *Id.* at 169, 13 O.O.3d at 199, 392 N.E.2d at 1325.

As the court recognized, the burden is upon the party seeking to defer the court's action on a motion for summary judgment to demonstrate that a continuance is warranted.

Relevant in this case, the court in *Ball v. Hilton Hotels* (1972), 32 Ohio App.2d 293, 61 O.O.2d 353, 290 N.E.2d 859, held in its syllabus:

"Where discovery proceedings would not, if allowed to proceed, aid in the establishment or negation of facts relating to the issue to be resolved, it is not an abuse of discretion for a court to grant a motion for summary judgment before such proceedings are completed."

See, also, *Grange Mut. Cas. Co. v. State Auto. Mut. Ins. Co.* (1983), 13 Ohio App.3d 217, 13 OBR 267, 468 N.E.2d 909.

A review of defendant's motion to continue fails to demonstrate that the trial court abused its discretion in granting defendant's motion. It appears that the sole purpose of defendant's request for discovery of additional evidence related to the issue of damages, and not the issue of liability, which alone was determined by summary judgment. Rather, defendant had the opportunity to review the information sought at the hearing on damages, and therefore we are unable to conclude that there was any resulting harm suffered by defendant. We are unable to conclude that the trial court's decision to overrule defendant's motion made pursuant to Civ.R. 56(F) demonstrates that the trial court's action was unreasonable, arbitrary or unconscionable. *Huffman v. Hair Surgeon, Inc.* (1985), 19 Ohio St.3d 83, 19 OBR 123, 482 N.E.2d 1248. Accordingly, defendant's second assignment of error is not well taken and is overruled.

■ In his third assignment of error, defendant argues that the trial court improperly awarded prejudgment interest on plaintiff's claim. R.C. 1343.-03(A) provides in pertinent part:

"In cases other than those provided for in sections 1343.01 and 1343.02 of the Revised Code, when money becomes due and payable upon any * * * note * * *, the creditor is entitled to interest at the rate of ten percent per annum, and no more, unless a written contract provides a different rate of interest in relation to the money that becomes due and payable, in which case the creditor is entitled to interest at the rate provided in that contract."

Ordinarily, an award of prejudgment interest is within the sound discretion of the trial court, to be awarded on a case-by-case basis. See *Mills v. Dayton* (1985), 21 Ohio App.3d 208, 21 OBR 222, 486 N.E.2d 1209; *Cox v. Fisher Fazio Foods, Inc.* (1984), 13 Ohio App.3d 336, 13 OBR 414, 469 N.E.2d 1055; *Cincinnati Ins. Co. v. First National Bank* (1980), 63 Ohio St.2d 220, 17 O.O.3d 136, 407 N.E.2d 519.

In the present case, in her findings of fact, the referee found that the total principal due plaintiff from defendant was $83,058.05 to which the comptroller added ten percent interest from the date that plaintiff paid the amount to result in a total of $100,641.12. However, this court is unable to conclude that plaintiff is necessarily entitled to interest from the date plaintiff made payment on the promissory note. Rather, it would appear that interest is more appropriately awarded from the date plaintiff's claim accrued. R.C. 1303.21 provides in pertinent part:

"(D) Unless an instrument provides otherwise, interest runs at the rate provided by law for a judgment:

"(1) in the case of a maker, acceptor, or other primary obligor of a demand instrument, from the date of demand;

"(2) in all other cases from the date of accrual of the cause of action."

As noted in the second paragraph of the Official Comment to R.C. 1303.21:

" * * * There has been a conflict in the decisions as to when 'legal' interest begins to run on a demand note. Some courts have taken the view that, since the note is due when issued without demand, it should follow that interest runs from the same date. On the other hand it is clear that there is no default until after demand by the holder and thus no reason for the imposition of the penalty on the maker. Division (D), therefore, adopts the position of the majority of the courts that on a demand note interest runs only from demand. * * * * "

■ In the present case, it is unclear when plaintiff made his demand of defendant that he contribute as comaker on the promissory note. Plaintiff

admitted at oral argument before this court that demand for such monies was delayed on the basis that plaintiff believed defendant would refuse to pay. However, a belief that a party will refuse to pay is not the determinative date for the award of interest. Rather, interest runs from the date of demand. If plaintiff failed to make a prior demand, certainly commencement of a lawsuit against a party seeking contribution would constitute such demand. Accordingly, defendant's third assignment of error is well taken and is sustained and the trial court is to determine for purposes of awarding prejudgment interest the date plaintiff made his demand for payment.

Finally, in his fourth assignment of error, defendant contends that the trial court erred in overruling defendant's objections to the referee's report. Essentially, defendant insists that the trial court's adoption of the referee's report by a "one line" approval requires reversal. Upon review of the record, this court is unable to conclude, with the exception of our having sustained the third assignment of error, that the trial court's adoption of the referee's report is not supported by some competent, credible evidence going to all the essential elements of the case. See *C.E. Morris Co. v. Foley Construction Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578. The record demonstrates that both plaintiff and defendant signed the subject promissory notes as comakers. While defendant apparently argues that error exists in the referee's reference to "personally guaranteed" notes, we find no prejudicial error since this reference establishes that the notes were simply signed by the parties in their individual capacities, a fact which is undisputed. While defendant also argues that the referee's report failed to differentiate between payments made at the time the parties were guarantors as opposed to comakers of the promissory notes, given our discussion of defendant's first assignment of error, we are unable to conclude that there exists any prejudice to defendant. Finally, while defendant argues that the referee's recommendation that an award of prejudgment interest is appropriate, this court has already addressed this argument in defendant's third assignment of error. Accordingly, defendant's fourth assignment of error is not well taken and is overruled.

Plaintiff in its appellate brief has requested attorney fees and costs pursuant to App.R. 23 on the basis that defendant's appeal is frivolous. Upon review of defendant's appeal, we are unable to conclude that an award of attorney fees is appropriate in the present case. Accordingly, defendant's request for the award of attorney fees is denied.

Based upon the foregoing, defendant's first, second and fourth assignments of error are not well taken and are overruled. Defendant's third assignment of error is well taken and is sustained. The judgment of the trial court is

hereby reversed and this cause is remanded for further proceedings consistent with the law and this opinion.

*Judgment reversed*
*and cause remanded.*

BOWMAN, P.J., and WHITESIDE, J., concur.