MEMORANDUM DECISION
Appellants, Adam James Stamper, James E. Stamper, Mary L. Stamper, and Jennifer Juan, appeal from a judgment of the Franklin County Municipal Court granting summary judgment for appellee the Spectrum Companies, Inc. ("Spectrum").
The present case arises out of a landlord-tenant dispute which caused appellee Spectrum to file its complaint against appellants seeking restitution of the premises, unpaid rent under the terms of a lease, and unspecified damages for physical damage to the premises. Appellants filed an answer setting forth various affirmative defenses and bringing counterclaims for constructive eviction, breach of contract, and violation of Ohio's landlord-tenant act, R.C. 5321.01 et. seq.
Appellant Adam Stamper, as tenant, entered into a lease with Spectrum for a room in the premises known as 2233 Neil Avenue in Columbus. The other defendants in this action were guarantors of the lease. The term of the lease was from September 14, 1997 to September 9, 1998. On November 3, 1997, Spectrum served Adam Stamper with a three-day notice to vacate the premises pursuant to R.C. 1923.04, based upon nonpayment of rent. The complaint in forcible entry and detainer ("FED") and for damages was filed on November 11, 1997. Although the trial court entered judgment granting restitution on December 2, 1997, actual possession of the premises appears never to have been an issue in this case, as Adam Stamper voluntarily vacated the premises. The litigation continued on the issue of damages caused by Adam Stamper during his brief occupancy of the premises and on appellants' counterclaims.
The parties engaged in a fair amount of inconclusive motion practice, with some discovery. The discovery included the deposition of Adam Stamper by counsel for Spectrum. On May 21, 1998, Spectrum filed its motion for summary judgment with supporting memorandum, affidavits, and documentary exhibits. The exhibits included a city of Columbus rooming house license for the property and a copy of the lease between the parties.
The affidavit of Clyde Harkins stated that the affiant was familiar with the premises which are the subject of this action, and gave in detail the damages which were alleged to have been caused by Adam Stamper prior to his eviction. These claims included removal of carpeting, a hole in the wall, and scratch marks and urine stains caused by Adam Stamper's dogs. The affidavit also asserts that Adam Stamper illegally parked for profit vehicles of OSU football spectators in the yard of the property, and attempted to remove a fence which prevented a number of vehicles from leaving the yard after they became confined. The affidavit set forth amounts that were received from Adam Stamper or his guarantors under the lease, and Adam Stamper's failure to pay rent due on November 1, 1997, and subsequent months. The affidavit lists itemized damages, re-listing expenses, nonpayment of rent by Adam Stamper, and rent received by subsequent tenants in mitigation, and arrived at a net total of $8,538.48 in alleged damages.
The affidavit of Alex Fetingas stated that he was an experienced provider of real estate management, construction, renovation, repair and maintenance services, and had been retained by Clyde Harkins on behalf of Spectrum to repair damage to the premises allegedly caused by Adam Stamper. The affidavit sets forth a total of $959 for contracted repair services. The affidavit further asserts that the condition of the premises generally, and specifically the room rented to Adam Stamper, was excellent prior to his tenancy.
Two affidavits were provided by George Pappas, counsel for Spectrum both in the trial court and on this appeal. Attorney Pappas provided one affidavit directed at establishing his fees billed as of the time of the summary judgment motion as $2,500. His second affidavit sought to present excerpts and summary of the testimony of Adam Stamper at his deposition. This was apparently provided in lieu of a certified copy of the deposition, which was not submitted with the motion for summary judgment. Some admissions by Adam Stamper regarding his responsibility for various damages to the leased premises are found in the deposition testimony which is reproduced in attorney Pappas' affidavit. At a later hearing, attorney Pappas indicated that it was his practice to provide such an affidavit from his personal knowledge rather than submitting certified copies of his deposition, in order to reduce costs to his clients. He believed that the hearsay nature of the testimony reproduced in the affidavit would not hinder admissibility as the material constituted an admission by a party opponent.
Appellants never filed a formal memorandum contra summary judgment, or provided affidavits or other evidentiary materials. They did file, however, a motion to strike attorney Pappas' second affidavit purporting to reproduce the deposition testimony of Adam Stamper, and a motion to strike the summary judgment motion generally. Neither motion was explicitly ruled upon by the trial court in writing, but at a hearing on June 8, 1998, the court expressed frustration at the maneuverings on the part of counsel, and indicated "if your people [appellants] don't do anything I'll give [appellee] the summary judgment." At this same hearing, appellants referenced further anticipated motions on their part to compel discovery, and for an award of attorney fees based upon appellee's alleged frivolous conduct. These motions were subsequently filed on the same day or the day following the hearing. The court, again, never explicitly ruled on these motions.
Some five months after the hearing, on November 18, 1998, in the absence of any further response from appellants other than the motions to strike, the trial court entered summary judgment in favor of appellee on its claims and appellants' counterclaims. The court found that there remained no genuine issue of material fact to be litigated and awarded appellee judgment against appellants in the amount of $8,538.98, and against appellants on all counterclaims.
Appellants' have set forth the following assignments of error:
 I. THE TRIAL COURT ERRED IN GRANTING APPELLEES'/PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT, AS THERE WERE MATERIAL ISSUES OF FACT REMAINING TO BE DECIDED IN THIS CASE, AND AS THE APPELLEES/PLAINTIFFS WERE NOT ENTITLED TO ENTRY OF JUDGMENT IN THEIR FAVOR AS A MATTER OF LAW.
 II. THE TRIAL COURT ERRED IN DENYING THE APPELLANTS'/DEFENDANTS' MOTION TO STRIKE APPELLEES'/PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT.
 III. THE TRIAL COURT ERRED IN DENYING THE APPELLANTS'/DEFENDANTS' MOTION TO STRIKE AFFIDAVIT OF GEORGE Z. PAPPAS.
 IV. THE TRIAL COURT ERRED IN ALLOWING ATTORNEY GEORGE Z. PAPPAS TO SUBSTITUTE AN AFFIDAVIT SUMMARIZING THE DEPOSITION TESTIMONY OF APPELLANT/DEFENDANT ADAM STAMPER IN THIS CASE AND BY NOT REQUIRING GEORGE Z. PAPPAS TO SUBMIT THE ACTUAL TRANSCRIPT OF SUCH DEPOSITION TESTIMONY.
 V. THE TRIAL COURT ERRED IN BASING ITS DECISION ON THE APPELLEES'/PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT UPON HEARSAY AND NOT A DEPOSITION TRANSCRIPT, AS REQUIRED BY RULE 30 OF THE OHIO RULES OF CIVIL PROCEDURE.
 VI. THE TRIAL COURT ERRED IN FAILING TO ALLOW THE APPELLANTS/DEFENDANTS A MEANINGFUL OPPORTUNITY TO CONDUCT THEIR DEFENSE, IN THAT THE TRIAL COURT FAILED TO RULE ON APPELLANTS'/DEFENDANTS MOTION TO COMPEL DISCOVERY.
 VII. THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO GIVE THE APPELLANTS/DEFENDANTS ANY OPPORTUNITY TO BE HEARD AT ALL ON ANY SUBSTANTIVE MATTER.
 VIII. THE TRIAL COURT ERRED IN FAILING TO PERMIT THE APPELLANTS/DEFENDANTS TO SUBMIT EVIDENCE IN THAT EVEN ASSUMING, ARGUENDO, THAT THE MOTION TO STRIKE THE GEORGE Z. PAPPAS AFFIDAVIT AND THE MOTION TO STRIKE THE APPELLEES'/PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT COULD PROPERLY BE DENIED, THE COURT MAY NOT IMMEDIATELY ISSUE A SUMMARY JUDGMENT, BUT MUST PERMIT THE APPELLANTS/DEFENDANTS A MEANINGFUL OPPORTUNITY TO RESPOND IN SUBSTANCE TO THE MOTION FOR SUMMARY JUDGMENT.
The present matter was decided on summary judgment. Civ.R. 56(C) provides that before summary judgment may be granted, the court must determine that there remains no genuine issue of material fact, that the moving party is entitled to judgment as a matter of law, and that reasonable minds can come to but one conclusion, that conclusion being adverse to the party opposing the motion. Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64. A moving party cannot discharge its burden under Civ.R. 56 simply by making conclusory assertions that the nonmoving party has no evidence to prove its case. Dresher v. Burt (1996),75 Ohio St.3d 280, 293. Rather, the moving party must point to some evidence that affirmatively demonstrates that the nonmoving party has no evidence to support his or her claims.
An appellate court's review of summary judgment is denovo. Koos v. Central Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579,588. We will thus conduct an independent review of the record standing in the shoes of the trial court. Jones v. Shelly Co.
(1995), 106 Ohio App.3d 440, 445. Under this standard, we will affirm or reverse the trial court's judgment based upon our review of the evidentiary materials and affidavits submitted in support of the motion for summary judgment, and may affirm summary judgment on any of the grounds raised by the movant, even if the trial court failed to consider those grounds. Patsy Bard v.Society Natl. Bank n.k.a. Key Bank (Sept. 10, 1998), Franklin App. No. 97AP11-1497, unreported (1998 Opinions 4085).
Appellants' assignments of error essentially raise three issues. First, whether the trial court erred in failing to strike the second affidavit of attorney Pappas, which assertedly set forth the deposition testimony of Adam Stamper. Second, whether the trial court erred in denying appellants a meaningful opportunity to be heard, or to pursue discovery essential to their case. Thirdly and finally, whether there remained a material issue of fact based upon the admissible evidentiary material submitted by the parties, and whether the trial court's grant of summary judgment was thus proper.
We will note initially that appellants have presented no authority, nor has our research revealed any, for the proposition that a single invalid affidavit, out of several presented in support of a motion for summary judgment, would require the trial court to strike the entire motion. We therefore find that regardless of the propriety of attorney Pappas' second affidavit recounting the deposition testimony of Adam Stamper, the trial court did not err in declining to grant appellants' motion to strike appellee's motion for summary judgment. Furthermore, for purposes of addressing the propriety of summary judgment in this case, we will assume, arguendo, that attorney Pappas' second affidavit should not have been considered in support of the motion for summary judgment, and that appellants' motion to strike this affidavit was well-taken.
Considering the other evidentiary material submitted in support of summary judgment, we nonetheless find that the court did not err in granting summary judgment for appellee. The remaining affidavits, together with the lease documents, support every element of appellee's claim. While many aspects of the affidavits might have been open to refutation had appellants presented evidentiary materials of their own in opposition to summary judgment (particularly the itemization of damages), the most glaring feature of the record before us is that appellants in fact presented no such evidence. The terms of the lease, as well as the affidavits of Harkins and Fetegas, establish a breach of the lease for nonpayment of rent, as well as various other acts by Adam Stamper in violation of the terms of the lease. The affidavits also establish the good condition of the premises prior to Adam Stamper's occupancy and refute his counterclaims for constructive eviction and breach of appellee's duties under the Ohio Landlord Tenant Act.
We agree with appellants that default summary judgment is not permitted under Ohio law. Maust v. Palmer (1994), 94 Ohio App.3d 764. This does not, however, mean that a properly noticed party can avoid summary judgment simply by failing to oppose it. This is what happened in the present case. Once the appellants were clearly put on notice by the trial court at the June 8 hearing that summary judgment would be granted if no response were forthcoming (despite the previously filed motions to strike), appellants had five months in which to fashion a response and did not. Nor did appellants avail themselves of Civ.R. 56(F), which provides for a continuance if a party opposing summary judgment can present sufficient reasons, such as the need to obtain further discovery or affidavits. The burden is on a party seeking a continuance in order to gather necessary rebuttal evidence.Glimcher v. Reinhorn (1991), 68 Ohio App.3d 131. A party who chooses not to avail himself of the provisions of Civ.R. 56(F) waives error in an appeal alleging a premature ruling on a motion for summary judgment. BFI Waste Systems of Ohio v. GarfieldHeights (1994), 94 Ohio App.3d 62.
Finally, we address appellants contention that they were denied the opportunity to complete meaningful discovery when the court failed to rule on their motion to compel. From the record, it can be ascertained that appellants' motion to compel sought materials which would not have been particularly useful in opposing summary judgment, and therefore the failure to grant the motion to compel did not prejudice their ability to oppose summary judgment. Appellant sought to compel more complete answers to a set of interrogatories which had been served upon appellee some time previously. Appellee had, justifiably or not, declined certain questions regarding ownership of the property, and the relation between the corporate plaintiff and such owner or owners. Appellants also sought the identity of various past and present tenants of the property. For summary judgment purposes, this was not information of immediate relevancy. Manifestly, the best evidence both for purposes of refuting appellee's claims and substantiating appellants' counterclaims would have been the affidavit or deposition testimony of Adam Stamper, as well as his guarantors who had inspected the condition of the property prior to his tenancy. Appellants' counsel chose not to present such evidence in opposition to summary judgment. Appellants were therefore not prejudiced, in the context of summary judgment, by the trial court's failure to compel further discovery along these lines.
Finally, we address appellee's motion for attorney fees and appellants' motion for a stay of execution, which are presently pending. The motion for a stay is mooted by our present decision and is denied. Appellee's motion for attorney fees under App.R. 23 is denied, because we find that this appeal presented reasonable questions for review.
In accordance with the foregoing, appellants' first, second, sixth, seventh, and eighth assignments of error are overruled, and appellants' third, fourth, and fifth assignments of error are rendered moot. The judgment of the Franklin County Municipal Court granting summary judgment for appellee is affirmed.
Motions denied; judgment affirmed.
KENNEDY and BRYANT, JJ., concur.