[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Plaintiff-appellant Charles Lamont Miller appeals, pro se, from the trial court's order granting summary judgment in favor of defendants-appellees, Brenda White and Talbert House Spring Grove, on his claim for damages arising out of breach of a bailment. His four assignments of error essentially address two issues, the trial court's error in granting summary judgment and in overruling his requests, made pursuant to Civ.R. 6(B) and 56(F), for a stay of the motion for summary judgment to allow discovery.
Miller, who is currently confined in Noble Correctional Institute, filed his complaint on April 27, 1999, alleging that he was terminated as a resident of Talbert House after his arrest on January 25, 1999. At Miller's direction, his cousin claimed his personal property from Talbert House on February 2, 1999. He alleged that certain specific items valued at $1,000 were not delivered to his cousin by Talbert House.
On July 13, 1999, White and Talbert House moved for summary judgment. In support of their motion, they filed the affidavit of the records custodian. The affidavit and exhibits reflect that Talbert House operates a halfway house for persons in transition from state prisons to the community. Miller's stay at Talbert House was terminated because, on December 19, 1998, he was seen in a shopping mall when he had signed out to the University of Cincinnati law library.
Attached to the affidavit as Exhibit A is a document labeled "Policy," purportedly signed by Miller on December 7, 1998. It states, "Talbert House assumes no responsibility for security, maintenance or recovery of personal property of residents. Residents are solely responsible for any loss, damage, destruction or theft of any items they choose to bring into the program."
On July 23, 1999, pursuant to Civ.R. 56(F), Miller requested a stay of the motion for summary judgment, "set for hearing on August 31, 1999," to allow him to conduct discovery. On August 2, 1999, the trial court overruled Miller's motion. On August 27, 1999, Miller submitted his affidavit and a memorandum requesting a stay of the proceedings, which the trial court again considered in light of Civ.R. 56(F) and overruled on September 2, 1999. On that same date, the trial court journalized its decision and order granting summary judgment to White and Talbert House.
This case highlights the consequence to a party who seeks to perpetuate a paper war oblivious to the requirements of Civ.R. 56. Miller became so consumed with discovery issues that he failed to timely offer any evidentiary materials in opposition to the affidavit and exhibits submitted by White and Talbert House in support of their summary-judgment motion. See Civ.R.56(C) and Loc.R. 14(A) of the Court of Common Pleas of Hamilton County. After White and Talbert House satisfied their burden under Civ.R. 56(C), Miller, having failed to satisfy his reciprocal burden of specificity, could not rely on the allegations in his complaint to demonstrate that a genuine issue of material fact existed. SeeMitseff v. Wheeler (1988), 38 Ohio St.3d 112, 115,526 N.E.2d 798, 801. Although summary judgment should be employed with caution, based on the filings, here the trial court had no alternative but to grant the motion. The fourth assignment of error is overruled.
In three interrelated assignments of error, Miller claims that the trial court abused its discretion in refusing to delay decision on the motion for summary judgment and by overruling Miller's motions to stay the proceedings while he conducted discovery. See Civ.R. 6(B) and 56(F). According to the record, during the three and one-half months after the filing of his complaint, Miller did not attempt to conduct any discovery or to provide an explanation why he could not present, by affidavit, facts sufficient to justify his opposition to the motion for summary judgment. After the trial court overruled Miller's first motion for a stay on August 2, 1999, he still made no attempt to propound interrogatories or requests for production of documents. The burden was on Miller to demonstrate to the trial court why the six questions, posed in his July 23, 1999 affidavit, involved facts that could not be presented by the means contemplated in Civ.R. 56, and why this information could raise genuine issues of material fact sufficient to avoid summary judgment. See Glimcherv. Reinhorn (1991), 68 Ohio App.3d 131, 137-138, 587 N.E.2d 462,466-467; see, also, Tucker v. Webb (1983), 4 Ohio St.3d 121,447 N.E.2d 100.
"`Abuse of discretion' has been defined as an attitude that is unreasonable, arbitrary or unconscionable." Huffman v. HairSurgeon, Inc. (1985), 19 Ohio St.3d 83, 87, 482 N.E.2d 1248, 1252. We are not persuaded that, in overruling Miller's requests for a Civ.R. 6(B) or 56(F) stay, the trial court abused its discretion. Miller's first, second, and third assignments of error are overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Gorman and Sundermann, JJ.
 _______________________________ Presiding Judge