DECISION
On September 17, 1999, attorney John W. Ferron filed a lawsuit in the Franklin County Court of Common Pleas. He named as defendants a series of lawyers and law firms who had represented Stephanie S. Whitt after the attorney-client relationship between Mr. Ferron and Ms. Whitt had been terminated. Ms. Whitt had earlier sued Mr. Ferron, alleging that he had committed legal malpractice. In the lawsuit filed September 17, 1999, Mr. Ferron alleged that he was entitled to contribution or indemnification from Ms. Whitt's subsequent counsel if Mr. Ferron was found to be liable to Ms. Whitt for legal malpractice.
Attorneys were hired to represent the attorneys who were being sued by attorney Ferron. The various attorneys being sued by Mr. Ferron filed motions to dismiss, alleging that Mr. Ferron's lawsuit failed to state a claim upon which relief could be granted.
The attorneys representing Mr. Ferron then filed a first amended complaint, causing attorneys representing the attorney defendants to file amended answers and additional memoranda in support of the motions to dismiss. Counsel for some of the attorney defendants also filed a motion for summary judgment and a motion for judgment on the pleadings. Counsel for Mr. Ferron responded.
In April of 2000, the trial judge granted part of the motion to dismiss as to one set of the defendant lawyers. The trial judge granted judgment to defendants Frank A. Ray, Esq., and the law firm of Ray, Alton 
Kirstein Co., L.P.A. ("the Ray law firm"), both on the grounds asserted in a motion for judgment on the pleadings and on the grounds asserted in their motion for summary judgment.
Counsel for Mr. Ferron has now pursued a direct appeal as to Mr. Ray and the Ray law firm, assigning two errors for our consideration:
 I. THE TRIAL COURT ERRED BY SUSTAINING APPELLEES' MOTION FOR SUMMARY JUDGMENT.
 II. THE TRIAL COURT ERRED BY SUSTAINING APPELLEES' MOTION FOR JUDGMENT ON THE PLEADINGS.
Preliminarily, we set forth the standards by which we are bound in reviewing a grant of summary judgment. Civ.R. 56 governs summary judgment, a procedural device designed to terminate litigation where a resolution of factual disputes is unnecessary. In particular, Civ.R. 56(C) provides, in pertinent part:
 * * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. * * *
In addressing the appropriateness of rendering a Civ.R. 56 summary judgment, the Supreme Court of Ohio in Harless v. Willis Day WarehousingCo. (1978), 54 Ohio St.2d 64, 66, set forth the well-established initial requirements: (1) there is no genuine issue as to any material fact; (2) the movant is entitled to judgment as a matter of law; and, (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion is made, the nonmovant being entitled to have the evidence construed most strongly in his favor.
Turning now to the first assignment of error, counsel for Mr. Ferron asserts that the trial court was incorrect to grant summary judgment as to the contribution claim. Counsel subdivides this argument into two theories. One theory asserts that genuine issues of material fact exist, making summary judgment inappropriate. The other theory asserts that the trial court abused its discretion in refusing to allow additional time for discovery to proceed before addressing the summary judgment motion on the merits.
R.C. 2307.32 governs, inter alia, the rights of contribution between and among joint tortfeasors. R.C. 2307.33 speaks to the enforcement of rights of contribution and the effects of releases. R.C. 2307.33(F) provides, in pertinent part:
 When a release * * * is given in good faith to one of two or more persons liable in tort for the same injury or loss to person or property, * * * the following apply:
* * *
 (2) The release or covenant discharges the tortfeasor to whom it is given from all liability for contribution to any other tortfeasor.
The trial court granted summary judgment to Frank A. Ray and the Ray law firm based upon a settlement agreement which had been reached between Pamela Whitt, John S. Ferron and the law firm with which Mr. Ferron had previously been affiliated. Significantly, the settlement agreement included a release as for the law firm, Buckingham, Doolittle and Burroughs ("B, D B"), and each of its "shareholders, partners, agents, employees, sub-contractors, insurers, successors and assigns." The trial court found that Mr. Ray and the Ray law firm had served as agents of B, D B and were released as a matter of law.
The trial court's finding with respect to the agency relationship between B, D B and the Ray entities was based primarily upon the affidavit of Thomas W. Hess who, as a partner/principal of B, D B hired Frank Ray to represent both B, D B and Pamela Whitt after John Ferron had been sanctioned by the trial court for his representation of Ms. Whitt. The trial court also had before it a partial transcript of a hearing in the original lawsuit filed by Ms. Whitt in which Mr. Ray announced in Mr. Ferron's presence that his role was as an agent both of B, D B and of Pamela Whitt. The hearing was to address an issue upon which B, D B and Ms. Whitt had common interests, namely, the setting aside of sanctions assessed for Mr. Ferron's failure to provide discovery while and after he was affiliated with B, D B.
The trial court was clearly correct in its finding that Frank Ray and the Ray law firm were agents of B, D B and, therefore, protected by the release obtained by B, D B on behalf of Mr. Ferron, the firm's agents and itself.
An attorney-client relationship is, by its very nature, a relationship where the client controls the actions of the attorney, subject to the ethical constraints incumbent upon the attorney by reason of her or his role as a licensed attorney. If the client requests the attorney to engage in unethical conduct, then the attorney has an ethical duty to withdraw as legal representative. However, until that withdrawal has occurred, the attorney is still the agent of her or his client or clients.
Frank A. Ray, as announced in open court, was counsel for both B, D B and Pamela Whitt on an issue upon which their interests coincided. Frank A. Ray was also an agent for both and, as such, he and his firm were entitled to the benefits of the release negotiated for the benefit of B, D B and its agents.
Given the foregoing, no genuine issue of material fact is present as to Mr. Ray's relationship with B, D B; accordingly, the grant of summary judgment was appropriate. Thus, the first theory advanced by appellant Ferron as to why the trial court purportedly erred in granting summary judgment has no merit.
The second theory under this assignment of error asserts that the trial court should have granted additional time for discovery to proceed before ruling on the summary judgment motion filed on behalf of Frank Ray and the Ray law firm. Counsel for Mr. Ferron asserts that time should have been allowed for the deposing of fact witnesses, such as Frank Ray and Thomas Haas.
The lawsuit was filed on September 17, 1999. Over four months later, the motion for summary judgment on behalf of Frank A. Ray and the Ray law firm was filed. Almost three months later still, the trial judge ruled upon the motion for summary judgment. More than adequate time was available for depositions directed to the existence or non-existence of an agency relationship between Mr. Ray and B, D B. The trial court did not need to allow depositions on irrelevant issues and did not abuse its discretion in refusing to delay further a ruling on the summary judgment motion.
As counsel for appellees note, this court has observed that "`[w]here discovery proceedings would not * * * aid in the establishment or negation of facts relating to the issue to be resolved, it is not an abuse of discretion for a court to grant a motion for summary judgment before such proceedings are completed.'" Glimcher v. Reinhorn (1991),68 Ohio App.3d 131, 138, quoting Ball v. Hilton Hotels (1972),32 Ohio App.2d 293. Such circumstances are present here. Allowing additional discovery would have had no effect whatsoever upon the ultimate legal issue to be resolved with respect to attorney Ray's status as an agent of B, D, B and the legal consequences of the release. Therefore, the second theory presented under this assignment of error also has no merit.
The first assignment of error is overruled.
In the second assignment of error, counsel asserts that judgment on the pleadings was inappropriate as to Mr. Ferron's indemnification claim. In his first amended complaint, Mr. Ferron denied that he was liable to Ms. Whitt for causing much of her lawsuit to be dismissed as a discovery sanction, but alleged that his liability was "passive and secondary in comparison to the active liability of Defendants." Mr. Ferron's theory apparently was that subsequent counsel should have voluntarily dismissed Ms. Whitt's original lawsuit. His theory does not address how subsequent counsel could be responsible for the attorney fees assessed for Mr. Ferron's alleged misconduct and the costs assessed as sanctions.
Mr. Ferron was lead counsel for most of the litigation. In that role, he was primarily responsible for the sanctions assessed. As lead counsel, he could not be considered passive in any sense of the word. He could not be considered secondary to anyone for most of the litigation. An allegation that subsequent counsel was liable to him for failing to dismiss the lawsuit he had conducted in such a way as to cause the assessment of sanctions, including the dismissal of key claims for relief, does not state a cognizable claim for relief in indemnification.
The second assignment of error is overruled.
Both assignments of error having been overruled, the judgment of the trial court as to Frank A. Ray and Ray, Alton and Kirstein Co., L.P.A., is affirmed.
PETREE and BRYANT, JJ., concur.