DECISION.
Plaintiff-appellant Dr. Jerry Sipple appeals the trial court's entry of summary judgment in favor of defendants-appellees A.G. Edwards Sons, Inc., and Marty Sena. For the following reasons, we affirm the judgment below.
On March 13, 2001, Sipple sued his broker, Marty Sena, and the brokerage firm of A.G. Edwards Sons, Inc. ("Edwards"), asserting that Edwards's cancellation of a sale of Sipple's stock, due to restrictive legends contained on the face of the stock certificates, constituted a breach of fiduciary duty, negligence, and a breach of contract. Sipple alleged in his complaint that Edwards and Sena should have known that stock containing restrictive legends could be sold in the open market under a safe-harbor provision created by the Securities Exchange Commission ("SEC") Rule 144.[1]
Edwards and Sena moved to dismiss the complaint for failure to state a claim or, in the alternative, for summary judgment. Edwards submitted Sena's affidavit in support of its summary-judgment motion. On May 10, 2001, the trial court granted Sipple's request for a continuance to respond to the motions. On June 7, 2001, Sipple responded to the motion to dismiss and requested a continuance, pursuant to Civ.R. 56(F), to conduct discovery before responding to the summary-judgment motion. The trial court did not rule upon Sipple's request for a continuance. Instead, on October 26, 2001, the court entered summary judgment in favor of Edwards and Sena.
In his sole assignment of error, Sipple asserts that the trial court erred in granting summary judgment in favor of Edwards and Sena without first allowing him to conduct discovery and without notifying him that the motion would be treated as one for summary judgment. We are unpersuaded.
The record does not support Sipple's argument that he did not have notice that the trial court would consider the motion as one for summary judgment. The motion was captioned as "Motion to Dismiss, or, Alternatively, for Summary Judgment," and Sipple's Civ.R. 56(F) motion requesting time to conduct discovery before responding to the summary-judgment portion of the motion demonstrated that he was aware that the trial court could consider the motion as one for summary judgment.
As to the trial court's failure to rule upon Sipple's Civ.R. 56(F) motion, the court must be deemed to have implicitly denied it by the court's entry of summary judgment for Edwards and Sena.[2] We are thus confronted with the issue of whether the trial court erred in denying that motion.
A trial court's denial of a Civ.R. 56(F) motion requesting a continuance to conduct discovery to oppose a summary-judgment motion will not be reversed absent an abuse of discretion.[3] An abuse of discretion connotes more than an error in judgment; it implies that the court has acted unreasonably, arbitrarily, or unconscionably.[4] The trial court cannot be said to have abused its discretion in denying a Civ.R 56(F) motion if discovery proceedings would not have aided in establishing or negating the facts material to the claims.[5]
Pursuant to Civ.R. 56(F), the party opposing summary judgment must submit an affidavit indicating sufficient reasons why it cannot present by affidavit facts sufficient to support its opposition. "Mere allegations requesting a continuance or deferral of action for the purpose of discovery are not sufficient reasons why a party cannot present affidavits in opposition to the motion for summary judgment. There must be a factual basis stated and the reasons given why it cannot present facts essential to its opposition of the motion."[6]
Here, Sipple stated in his affidavit and in his appellate brief, respectively, that he needed to depose the defendants to determine their practice in "handling the removal of restrictions from stock certificates" pursuant to SEC Rule 144 and to determine if the "cancellation of his sale of stock was necessary by law." Sipple also indicated that he wanted his expert to review the defendants' practices.
We note that, although Sipple asked for a continuance to conduct discovery, he had not yet even issued interrogatories to the defendants or attempted to obtain documents from them or to set dates for depositions. Nor did Sipple attempt to seek or compel discovery during the four months between his request for more time and the court's ruling on the summary-judgment motion. While, ideally, a trial court should address motions before it in a timely manner, there is some onus upon the party and his counsel to seek a ruling on those motions. This was not done here.
Further, Sipple provided insufficient reasons for needing discovery. He asserted that he needed to question the defendants on their practices regarding SEC Rule 144 transfers to determine if the cancellation of the sale was "necessary by law." This matter could have been determined from SEC Rules, federal statutes, and case law. There was no need to "discover" any facts to resolve this question of law.
Additionally, Sipple alleged in his complaint that Edwards and Sena should have known that they could have transferred this restricted stock under SEC Rule 144, and that the cancellation of the sale was not necessary. In Sena's affidavit, submitted in support of summary judgment, she testified that, if she had been told before the sale that the stocks were restricted, she would have had Sipple complete a client-representation letter and would have sought to have the issuer of the stock remove the restrictions. To counter Sena's affidavit, Sipple could have submitted the affidavit of his expert to explain the common practice of brokers in selling restricted stock pursuant to SEC Rule 144 and to offer an opinion on whether it was the common practice of brokerage firms to seek to have the issuer remove the restriction before selling the stock and whether restricted stock was even marketable. This information was not within the exclusive control of the defendants. Thus, Sipple could have gathered this information to support his opposition to summary judgment without deposing the defendants.
Moreover, there were facts that Sipple could have disputed if he had submitted his own affidavit. For example, in his complaint, Sipple stated that Sena had told him that he had to cancel the sale, whereas in Sena's affidavit, she testified that she had given Sipple the option either to cancel the sale or to deposit money into his account to cover any "buy-in" by the brokerage firm in case the issuer refused to remove the restrictions from Sipple's stock. Sipple could have easily disputed that he was given this option, if that was the case, by submitting an affidavit.
Based on the facts that Sipple never attempted to compel any discovery, that he had already been granted one continuance to respond to the motions for dismissal and for summary judgment, and that the record does not show that any discovery he might have sought would have helped in establishing or negating a material fact, we conclude that the trial court did not abuse its discretion in denying his Civ.R. 56(F) motion.[7]
We also conclude that summary judgment was properly granted in favor of Edwards and Sena. The only evidence before the trial court was Sena's affidavit. She testified that Sipple was given the option of canceling the sale or depositing money into his account to cover a "buy-in." Sipple cites no case law, nor have we found any, that requires a brokerage firm to put its capital at risk in the event that restrictions are not removed and a "buy-in" is required. Thus, the evidence showed that Edwards and Sena acted reasonably in this regard. Sena also testified that, prior to negotiating the sale, Sipple had represented to her that the stocks were not restricted, but that when he delivered the certificates to her, she discovered that they were restricted. At this time, she had Sipple sign a client-representation letter and sought to have the issuer remove the restrictions, which the issuer did one month later. This action was appropriate because an issuer of stock has the sole discretion to determine when a transfer or sale of its stock would be appropriate under SEC Rule 144.[8]
Construing the evidence in a light most favorable to Sipple, reasonable minds could only conclude that Edwards and Sena did not breach any fiduciary duties or contracts with Sipple and did not act in a negligent manner when they canceled the sale until the stock was reissued without the restrictive legends. Accordingly, the single assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
Doan, P.J., concurs.
Gorman, J., dissents.
[1] See Section 230.144, Title 17, C.F.R.
[2] See Denham v. New Carlisle (2000), 138 Ohio App.3d 439,741 N.E.2d 587.
[3] See Walter v. Allied Signal, Inc. (1999), 131 Ohio App.3d 253,264, 722 N.E.2d 164.
[4] See Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
[5] See Glimcher v. Reinhorn (1991), 68 Ohio App.3d 131, 138,587 N.E.2d 462, citing Ball v. Hilton Hotels, Inc. (1972),32 Ohio App.2d 293, 290 N.E.2d 859.
[6] Serrano v. McCormack Baron Management, Inc., 143 Ohio App.3d 699,2001-Ohio-2513, 758 N.E.2d 1166.
[7] The dissent first asserts that the trial court's entry of summary judgment should be reversed because the court failed to rule on Sipple's Civ.R. 56(F) motion. We respectfully disagree. A failure to rule on a pretrial motion is not reversible error. Instead, the Ohio Supreme Court has held that when a court does not rule on a pretrial motion, that motion is presumed to have been denied. State ex rel. The V Cos. v.Marshall, 81 Ohio St.3d 467, 1998-Ohio-329, 692 N.E.2d 198, syllabus.
Next, the dissent, citing Manor Care Nursing and Rehab. Ctr. v. Thomas
(1997), 123 Ohio App.3d 481, 704 N.E.2d 593, asserts that summary judgment in favor of Edwards and Sena should be reversed because the parties were not informed of the date that the summary-judgment motion was to be submitted for resolution. But we read Manor as holding that a trial court errs in prematurely granting summary judgment without setting a date for a hearing or notifying the nonmoving party of the date upon which the motion will be considered submitted. Id. at 487,704 N.E.2d at 596. In Manor, the court conducted an impromptu hearing on the summary-judgment motion, which in effect prevented the nonmoving party from submitting affidavits and other evidence it had available in order to oppose the motion. Here, the issue was not whether summary judgment was decided prematurely or whether Sipple did not have the time to submit his affidavits in opposition to the motion, but whether it was necessary for Sipple to have more time to conduct discovery in order to oppose the summary-judgment motion.
[8] See Otterbourg, Steindler, Housten Rosen, SEC No-Action Letter (1971-1972 Transfer Binder, April 14, 1972), Fed.Sec.L.Rep. (CCH), Paragraph 78,754 (Apr. 14, 1972).