This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, C. Fred Park, appeals the decision of the Wayne County Court of Common Pleas which granted summary judgment in favor of appellee, The Wayne County National Bank ("the Bank"). We affirm.
{¶ 2} On July 5, 2000, CFP Leasing Ltd. Partnership ("CFP") and Mr. Park, individually, executed a promissory note in the amount of $46,375.21 to the Bank. Mr. Park is the limited partner of CFP and Goldshield Financial Corporation is the general partner; however, Mr. Park also owns Goldshield Financial Corporation. The purpose of the loan was to purchase a Lincoln Navigator.
{¶ 3} In February 2002, Mr. Park stopped making payments on the note. The Bank filed suit against CFP and Mr. Park for non-payment. Mr. Park counterclaimed for fraud, forgery, offset, money lent, breach of contract or implied agreement, and violations of the Truth in Lending Act. On July 19, 2002, Mr. Park sent Earl Mullet a subpoena duces tecum and a notice to take his deposition on September 6, 2002. The deposition was subsequently rescheduled for September 13th.
{¶ 4} On August 6, 2002, the Bank filed a motion for summary judgment. On August 15, 2002, the trial court set September 6, 2002 as the cutoff date for filing of briefs, affidavits, and other supporting documents. On August 15, 2002, Mr. Park responded to the Bank's motion for summary judgment. On September 4, 2002, the trial court granted the Bank's motion for summary judgment. It is from this judgment entry that Mr. Park appeals.
{¶ 5} Mr. Park asserts one assignment of error:
 "THE COURT ERRED IN AWARDING SUMMARY JUDGMENT TO APPELLEE BECAUSE THE COURT DID NOT ALLOW APPELLANT TO COMPLETE DISCOVERY AND PRESENT THE EVIDENCE TO THE COURT FOR CONSIDERATION, EVEN THOUGH THIS WAS SPECIFICALLY REQUESTED OF THE COURT IN DEFENDANT/APPELLANT'S MOTION OPPOSING SUMMARY JUDGMENT, FILED AUGUST 15, 2002.
 "BY DENYING APPELLANT THE OPPORTUNITY TO PRESENT EVIDENCE IN SUPPORT OF APPELLANT'S DEFENSE AND COUNTERCLAIM, THE COURT VIOLATED DEFENDANT/APPELLANT'S CONSTITUTIONAL RIGHT TO DUE PROCESS AND EQUAL PROTECTION UNDER THE LAW, AS PROVIDED FOR BY THE FIFTH, SEVENTH, AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION."
{¶ 6} In his assignment of error, Mr. Park asserts that the trial court erred in granting the Bank's motion for summary judgment because Mr. Park had not completed discovery. We disagree.
{¶ 7} Civ.R. 56(F) establishes the procedure for a party opposing summary judgment to seek a continuance to conduct further discovery:
 "Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just."
{¶ 8} "A party opposing a motion for summary judgment may have a ruling on the motion deferred until sufficient discovery may be had."Staffing v. ABC Automation Packing, Inc. (June 7, 2000), 9th Dist. No. 19774. A party seeking a Civ.R. 56(F) continuance has the burden of establishing a factual basis and reasons why the party cannot present sufficient documentary evidence without a continuance. Glimcher v.Reinhorn (1991), 68 Ohio App.3d 131, 138, quoting Gates Mills InvestmentCo. v. Pepper Pike (1978), 59 Ohio App.2d 155, 169. The application of Civ.R. 56(F) is discretionary; therefore, a trial court's denial of such a motion shall not be reversed absent an abuse of discretion. Staffing.
An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619,621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
{¶ 9} When a party fails to request a continuance, or when such a continuance is not supported by affidavits, pursuant to Civ.R. 56(F), a trial court is free to consider a motion for summary judgment. BFI WasteSys. of Ohio v. Garfield Hts. (1994), 94 Ohio App.3d 62, 74. "A party who fails to comply with the provision of Civ.R. 56(F) waives any error in a trial court's premature ruling on a motion for summary judgment." Id.; see, also, Smith v. Capriolo (Apr. 11, 2001), 9th Dist. No. 19993.
{¶ 10} The record before this Court reveals that Mr. Park failed to utilize Civ.R. 56(F) in order to seek a continuance on a ruling on the Bank's motion for summary judgment. In Mr. Park's response to the Bank's motion for summary judgment, he noted the deposition of Mr. Mullet was not scheduled to take place until September 13, 2002. He also noted that the Bank had not complied with his discovery requests. However, Mr. Park did not request a continuance, nor did he demonstrate why further discovery was necessary. Therefore, Mr. Park has waived any error by the trial court in prematurely ruling on the Bank's motion for summary judgment.
{¶ 11} This Court cannot say that the trial court abused its discretion in ruling on the Bank's motion for summary judgment. Mr. Park's assignment of error is overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.
CARR, J. CONCURS and BAIRD, J. DISSENTS.