OPINION
{¶ 1} Plaintiffs-appellants, Melody and George Brown, appeal the decision by the Butler County Court of Common Pleas to grant summary judgment in favor of defendant-appellee, UNUM Life Insurance Company of America ("UNUM").
 {¶ 2} Appellant Melody Brown ("Melody") worked for Mercy Health Partners as a care coordinator. During her employment, she was eligible for short-term disability benefits. In 2000, she applied for those benefits because she believed an illness, fibromyalgia, prevented her from adequately performing her employment duties. Mercy Health, in turn, referred the claim to UNUM for review. Pursuant to an agreement, UNUM worked as Mercy Health's agent and recommended whether Mercy Health should approve or deny claims such as the one submitted by Melody.
 {¶ 3} In January 2001, appellants were informed that Melody's application for short-term disability benefits was denied. On April 11, 2002, following an administrative appeal, appellants filed suit against UNUM and Mercy Health for breach of contract, various torts, and to obtain a declaratory judgment that Melody has a right to insurance coverage. Mercy Health subsequently settled with appellants concerning all claims arising from the denial of Melody's short-term disability, leaving only UNUM as a defendant.
 {¶ 4} During discovery, a dispute arose between appellants and UNUM. Appellants requested a list of short-term disability lawsuits against UNUM within the last five years, along with the names of persons who have filed complaints against the insurer. After failing to resolve the dispute without intervention from the court, appellants filed a motion to compel.
 {¶ 5} At a status conference on October 15, 2003, both parties discussed the disputed discovery issues with the court. UNUM also indicated at the conference that it was preparing to file a motion for summary judgment. When the conference concluded, some type of agreement was reached concerning the disputed discovery, but that agreement was never memorialized, or in any way made part of the record in open court.
 {¶ 6} On November 20, 2003, UNUM filed its motion for summary judgment. In their opposition to UNUM's motion, appellants argued, in part, that summary judgment was not proper because of the agreement reached at the October 15 status conference. According to appellants, the parties agreed at that conference that all facts set forth in appellants' complaint would be considered true by the court when it ruled on UNUM's summary judgment motion. In reply, UNUM contended the agreement was that only the factual allegations related to the disputed discovery would be deemed true, not every fact set forth in the complaint.
 {¶ 7} On January 23, 2004, the trial court made an entry regarding the disputed agreement. The entry, citing to local rules, states the agreement was not made in open court nor reduced to writing; thus, as it relates to facts beyond those involved with the disputed discovery, the agreement will be given no effect. The entry further states that in the interest of fairness, the parties will be given an additional week to supplement their responses to the motion for summary judgment.
 {¶ 8} On January 29, 2004, in response to the court's entry, appellants filed a Civ.R. 56(F) motion for more time to complete discovery. On February 6, 2004, again citing to local rules, and appellants' failure to state sufficient reasons to justify their request, the trial court denied the motion. On March 17, 2004, summary judgment was granted in favor of UNUM.
 {¶ 9} This appeal followed, in which appellants raise the following sole assignment of error:
 {¶ 10} "The trial court abused its discretion as a matter of law in denying appellants' motion for additional time to complete discovery, pursuant to CIV. R. 56(F)."
 {¶ 11} Appellants first contend that the trial court based its decision to deny their Civ.R. 56(F) motion on an arbitrary and erroneous application of Butler County Common Pleas Loc.R. 3.00.
 {¶ 12} Loc.R. 3.00 provides: "No disputed oral agreement between counsel or with a party or with an officer of the court will be considered unless made in open court or reduced to writing and filed in the case."
 {¶ 13} In applying this rule to the disputed agreement in the case at bar, the trial court noted that both parties were in agreement that the court would accept as true those facts relating to the disputed discovery when it ruled on UNUM's motion for summary judgment. Accordingly, the court determined to accept as true the facts related to the disputed discovery. The parties were in disagreement, however, over whether the court would accept as true all facts alleged in appellants' complaint. Thus, the court gave this disputed part of the oral agreement no effect.
 {¶ 14} Appellants characterize the trial court's decision to accept the part of the agreement both parties agreed on and reject what both parties disagreed upon as an acceptance of UNUM's version of the agreement, and consequently, a violation of Loc.R. 3.00. We disagree.
 {¶ 15} A trial court has discretion in interpreting and applying its own rules. See Boieru v. State Employment Relations Bd. (1988),54 Ohio App.3d 23, 25. We find no abuse of discretion in the trial court's interpreting Loc.R. 3.00 to allow for separating an agreement into disputed and undisputed parts. Accordingly, appellants' first contention is not well-taken.
 {¶ 16} Appellants next contend that the trial court abused its discretion when it found that they failed to present sufficient reasons to justify their request for more time to complete discovery.
 {¶ 17} Civ.R. 56(F) permits a party to request additional time to obtain through discovery the facts necessary to adequately oppose a motion for summary judgment. The rule provides:
 {¶ 18} "Should it appear from the affidavits of a party opposing [a] motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just."
 {¶ 19} A party seeking a Civ.R. 56(F) continuance has the burden of establishing a factual basis and reasons why the party cannot present sufficient facts to justify its opposition without a continuance.Glimcher v. Reinhorn (1991), 68 Ohio App.3d 131, 138. Whether a party has met that burden is a question of discretion. Accordingly, a trial court's denial of such a motion shall not be reversed absent an abuse of discretion. Galland v. Meridia Health System, Inc. (Mar. 24, 2004), Summit App. No. 21763, 2004-Ohio-1416, ¶ 6. A court does not abuse its discretion unless its decision is arbitrary, unreasonable, or unconscionable. State v. Adkins (2001), 144 Ohio App.3d 633, 644.
 {¶ 20} In the case at bar, appellants filed an affidavit stating reasons why they could not adequately respond to UNUM's motion at that time. According to the affidavit, appellants' counsel would not have agreed at the October 15 status conference to allow UNUM to go forward with a summary judgment motion without first obtaining its requested discovery.
 {¶ 21} The trial court ruled, however, that counsel's understanding of an unmemorialized agreement did not constitute a sufficient reason for granting additional time to continue discovery. According to the court, appellants had ample time to memorialize the agreement seemingly reached at the conference, but failed to do so.
 {¶ 22} The trial court also found there was no need for more time because it had already agreed to accept the disputed discovery issues as true when it ruled on the summary judgment motion. We agree. Upon reviewing the trial court's decision granting judgment in favor of UNUM, we do not see how allowing appellants more time to continue discovery would have altered the outcome of the summary judgment motion.
 {¶ 23} Appellants also failed to satisfactorily explain to the court why they had not previously conducted discovery on the undisputed issues in the case. According to the court, appellants' predicament was, to a large extent, created by their own conduct. After carefully reviewing the trial court's decision, and the entire record on appeal, we cannot say that such a conclusion was arbitrary, unreasonable, or unconscionable.
 {¶ 24} For all the foregoing reasons, appellants' contention that the trial court abused its discretion in ruling they failed to present sufficient reasons to justify their request for more time is also not well-taken. Consequently, appellants' assignment of error is overruled.
 {¶ 25} Judgment affirmed.
Powell, P.J., and Hendrickson, J., concur.