OPINION
{¶ 1} Appellants, Nicola and Patsy Ranieri, and Adriatic, Inc. ("Adriatic"), appeal the decision of the Clermont County Court of Common Pleas granting summary judgment in favor of appellee, Provident Bank ("Provident"), in a foreclosure action.
 {¶ 2} The record reveals the following facts relevant to this appeal. Nicola and Patsy Ranieri were the sole shareholders of Adriatic, a corporation that buys and sells goods, with Nicola serving as its President.
 {¶ 3} Appellants began banking with Provident in approximately 1993. On May 30, 2000, appellants executed a promissory note in favor of Provident re-establishing a previous line of credit in the amount of $750,000. The note was secured by an open-end mortgage that encumbered the Ranieris' personal residence, a security agreement, and an assignment of rents, income, and proceeds. The note contained a maturity date of May 30, 2001.
 {¶ 4} On May 30, 2001, appellants executed a Mortgage Loan Modification and Extension Agreement, extending the maturity date on the note to July 31, 2001, but leaving all other terms and conditions unchanged. On September 7, 2001, the maturity date on the note was again extended to September 30, 2001, and on September 30, 2001, the maturity date was extended to March 31, 2002. Finally, on March 31, 2002, the maturity date was extended one last time to May 31, 2002.
 {¶ 5} In addition to extending the maturity date on the note, the final two Mortgage Loan Modification and Extension Agreements executed on September 30, 2001 and March 31, 2002 modified the line of credit available to appellants. The final two modifications decreased appellants' available credit line from $750,000 to $500,000.
 {¶ 6} At some point during the process of extending the maturity date on appellants' loans, Provident began to feel insecure about Adriatic's ability to repay its loans and ceased granting extensions. On March 17, 2003, Provident filed a complaint in Clermont County alleging appellants were in default on the note and seeking to foreclose on the mortgage. After procuring three extensions of time, appellants answered and counterclaimed on July 11, 2003.
 {¶ 7} In their counterclaims, appellants alleged that Provident fraudulently obtained a reduction in the line of credit on the final two Loan Modification and Extension Agreements. Because of the trust they developed and placed in Provident over the years, appellants did not read the final two agreements and merely signed the signature pages. They claimed that Provident Vice President Kevin McCullough orally led them to believe that their line of credit would remain $750,000. The resulting financial strain on Adriatic stemming from the decrease in available funds, appellants alleged, caused the business to fail.
 {¶ 8} Paper discovery and depositions took place until a hearing on Provident's motion for summary judgment took place on October 6, 2004. On the day of the hearing, appellants moved for a continuance pursuant to Civ.R. 56(F), and also moved to amend the complaint. The trial court denied appellants' motions and granted summary judgment in favor of Provident as to the foreclosure action and appellants' counterclaims. This appeal followed, in which appellants raise three assignments of error.
 {¶ 9} Assignment of Error No. 1:
 {¶ 10} "IN LIGHT OF THE GENUINE ISSUES OF MATERIAL FACT PRESENTED IN EVIDENCE REGARDING DEFENDANTS-APPELLANTS' BREACH OF CONTRACT, FRAUD, BAD FAITH BREACH OF CONTRACT, BREACH OF FIDUCIARY DUTY, AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIMS AND PLAINTIFF'S RIGHT OF FORECLOSURE ON ITS COMPLAINT, THE TRIAL COURT ERRED IN GRANTING PLAINTIFF-APPELLEE'S MOTION FOR SUMMARY JUDGMENT."
 {¶ 11} In their first assignment of error, appellants contend genuine issues of material fact precluded the trial court from granting Provident's motion for summary judgment.
 {¶ 12} Summary judgment is proper where (1) there are no genuine issues of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can only come to a conclusion adverse to the party against whom the motion is made, construing the evidence most strongly in that party's favor. Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 66. On appeal, the granting of a motion for summary judgment is reviewed de novo. Burgess v. Tackas
(1998), 125 Ohio App.3d 294, 296.
 {¶ 13} We begin with Provident's action for judgment on the note secured by the mortgage. Provident submitted the affidavit of Vice President Robert Burke, in which Burke averred that appellants were in default on the note as of May 31, 2002. Appellants offered nothing in the way of Civ.R. 56 evidence to contradict, or otherwise place Burke's averments in controversy.
 {¶ 14} When a party moves for summary judgment and has supported the motion by sufficient evidence, the party opposing the motion has a burden to respond by affidavit or as otherwise provided in Civ.R. 56(C), setting forth specific facts explaining that a genuine issue of material fact exists. Jackson v. Alert Fire Safety Equip., Inc. (1991),58 Ohio St.3d 48, 52. Appellants failed to meet that burden. Accordingly, the trial court properly granted judgment in favor of Provident on the note.
 {¶ 15} We turn next to appellants' counterclaims. Appellants alleged fraud, bad faith, and breach of fiduciary duty, negligence, negligent infliction of emotional distress, and intentional infliction of emotional distress. In their fraud and bad faith claims, appellants argue that their consent to the final two loan modification agreements was fraudulently obtained. As discussed above, appellants contend that Provident Vice President Kevin McCullough orally promised them that their line of credit would remain $750,000, as originally stated in the note and mortgage, and that the fraudulent reduction of their credit line to a maximum of $500,000 led to the eventual demise of their business.
 {¶ 16} We have carefully reviewed the note and loan modification agreements in this case, and we have compared them to the alleged oral promises made by McCullough. When the written terms and oral statements are compared, it is apparent that McCullough's alleged oral statements concern exactly the same subject matter as the note and modification agreements. Consequently, the oral statements are barred by the parol evidence rule.
 {¶ 17} "The parol evidence rule is a rule of substantive law that prohibits a party who has entered into a written contract from contradicting the terms of the contract with evidence of alleged or actual agreements." Ed Schory Sons, Inc. v. Society Nat'l. Bank,75 Ohio St.3d 433, 440, 1996-Ohio-194. In other words, "an oral agreement cannot be enforced in preference to a signed writing which pertains to exactly the same subject matter, yet has different terms." MarionProduction Credit Ass'n. v. Cochran (1988), 40 Ohio St.3d 265, 274.
 {¶ 18} Appellants contend that the parol evidence rule does not bar extrinsic evidence of fraud in the inducement. While it is true that a party may not commit fraud in securing a written agreement, then hide behind the protection of the parol evidence rule, fraudulent inducement or misrepresentation claims that merely allege a prior statement or agreement that is different from that which is contained in the written contract do not suffice to overcome the parol evidence rule. Schory,75 Ohio St.3d at 440.
 {¶ 19} Further, appellants admit to signing the modification agreements without first reading them. "A person of ordinary mind cannot say that he was misled into signing a paper which was different from what he intended to sign when he could have known the truth by merely looking when he signed. * * * If this were permitted, contracts would not be worth the paper on which they are written. If a person can read and is not prevented from reading what he signs, he alone is responsible for his omission to read what he signs." Dice v. Akron, Canton YoungstownR.R. Co. (1951), 155 Ohio St. 185, 191. Appellants do not contend Provident prevented them from reading the agreements. Accordingly, the fraud and bad faith claims fail as a matter of law.
 {¶ 20} Appellants' claim for breach of fiduciary duty also fails as a matter of law. Appellants alleged that a special relationship existed between McCullough and Nicola Ranieri. They allege that when McCullough informed them that the terms of the third and fourth modification agreements were virtually identical to the previous extensions, and that no material changes or modifications had been made, they trusted him implicitly. Appellants placed their trust in McCullough because McCullough repeatedly offered them advice on specific actions to take in the commercial realm. Appellants contend, therefore, that they did not feel it was necessary to read modification agreements, and simply signed the signature pages.
 {¶ 21} In Umbaugh Pole Bldg. Co. v. Scott (1979), 58 Ohio St.2d 282,287, the Ohio Supreme Court, addressing facts similar to this case, held that "[t]he relationship of debtor and creditor[,] without more[,] is not a fiduciary relationship." In Umbaugh, "advice was given in a congenial atmosphere and in a sincere effort to help * * *. [N]evertheless, the advice was given by an institutional lender in a commercial context in which the parties dealt at arms length, each protecting his own interest." Id. at 287. Similarly, in this case, even if it is true that McCullough advised appellants on what business course of action to pursue, that alone is not enough to establish a fiduciary relationship between a creditor and debtor. See, also, Schory Sons,75 Ohio St.3d 433, 1996-Ohio-194.
 {¶ 22} Finally, appellants' claims of negligence, negligent infliction of emotional distress, and intentional infliction of emotional distress also fail as a matter of law. The tort of negligence requires the existence and breach of a duty of care. Menifee v. Ohio WeldingProducts, Inc. (1984), 15 Ohio St.3d 75, 77. Whether a duty exists in any particular case is a question of law. Mussivand v. David (1989),45 Ohio St.3d 314, 318.
 {¶ 23} Appellants cite to no authority for the proposition that a lender owes a borrower a duty of care in the context of negotiating a loan agreement. Moreover, "[t]ort law is not designed * * * to compensate parties for losses suffered as a result of a breach of duties assumed only by agreement. That type of compensation necessitates an analysis of the damages which were within the contemplation of the parties when framing their agreement. It remains the particular province of the law of contracts." Floor Craft Floor Covering, Inc. v. Parma Community GeneralHosp. Ass'n. (1990), 54 Ohio St.3d 1, 7.
 {¶ 24} Negligent infliction of emotional distress is limited to instances where a plaintiff has either witnessed or experienced a dangerous accident, or appreciated an actual physical peril. Heiner v.Moretuzzo, 73 Ohio St.3d 80, 87, 1995-Ohio-65; Niessel v. Meijer, Inc.,
Warren App. No. CA2001-04-027, 2001-Ohio-8645. Appellants allege nothing in their counterclaims with respect to a dangerous accident or physical peril.
 {¶ 25} Appellants' allegations, even if proved true, also do not amount to conduct that was so extreme and outrageous that it went beyond all possible bounds of decency; nor does it constitute, as a matter of law, conduct that is completely intolerable in a civilized community. SeeYeager v. Local Union 20, Teamsters, Chauffeurs, Warehousemen Helpersof Am. (1983), 6 Ohio St.3d 369, syllabus (defining the level of extremity required to prevail under the tort of intentional infliction of emotional distress).
 {¶ 26} Appellants' first assignment of error is overruled.
 {¶ 27} Assignment of Error No. 2:
 {¶ 28} "IT WAS ERROR FOR THE TRIAL COURT TO DENY DEFENDANTSA-PPELLANTS' MOTION FOR ADDITIONAL TIME TO RESPOND TO PLAINTIFFA-PPELLEE'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO CIVIL RULE 56(F)."
 {¶ 29} Civ.R. 56(F) permits a party to request additional time to obtain through discovery the facts necessary to adequately oppose a motion for summary judgment. The rule provides:
 {¶ 30} "Should it appear from the affidavits of a party opposing [a] motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just."
 {¶ 31} A party seeking a Civ.R. 56(F) continuance has the burden of establishing a factual basis and reasons why the party cannot present sufficient facts to justify its opposition without a continuance.Glimcher v. Reinhorn (1991), 68 Ohio App.3d 131, 138. Whether a party has met that burden is a question of discretion. Accordingly, a trial court's denial of such a motion shall not be reversed absent an abuse of discretion. Galland v. Meridia Health System, Inc. (March 24, 2004), Summit App. No. 21763, 2004-Ohio-1416, ¶ 6. A court does not abuse its discretion unless its decision is arbitrary, unreasonable, or unconscionable. Brown v. UNUM Life Ins. Co. of America, Butler App. No. CA2004-04-092, 2005-Ohio-1621, at ¶ 19, citing State v. Adkins (2001),144 Ohio App.3d 633, 644.
 {¶ 32} Appellants contend that they needed additional time to complete discovery because they were thwarted by the instructions of counsel for Provident at a deposition held on August 10, 2004. According to appellants, counsel for Provident instructed a bank representative to not answer questions about two letter of credit transactions because they were related to collateral litigation in Hamilton County, Ohio, and Provident's counsel for that case was not present.
 {¶ 33} The collateral litigation in Hamilton County came about as follows. During their banking relationship with Provident, appellants began doing business with an international supplier of olive oil. In order to facilitate a purchase of olive oil from the overseas supplier, appellants sought, and Provident agreed to issue, two irrevocable letters of credit in favor of the supplier. The supplier subsequently shipped the oil. Once the terms of the letters were met to Provident's satisfaction and a demand for payment made, Provident informed appellants that it would be transferring payment to the overseas supplier. Appellants objected and requested that Provident not pay on the letters.
 {¶ 34} According to appellants, Provident Vice President Kevin McCullough then advised them that the only way to prevent payment on the letters would be to initiate litigation against both the international supplier and Provident and attempt to obtain an injunction. Consequently, appellants filed a lawsuit in Hamilton County requesting that the court enjoin Provident from fulfilling the demand for payment on the letters of credit.
 {¶ 35} The record reveals that the litigation in Hamilton County was still pending as of the August 10, 2004 deposition. The record also supports appellants' contention that they were prevented from pursuing a certain line of questions during that deposition. Appellants did not file a motion to compel, however, or in any way attempt to get the court involved in the discovery dispute until October 6, 2004, seven weeks later, and six days before trial.
 {¶ 36} In rejecting appellants' request for more time, the trial court commented that the original foreclosure action had been lingering since March of 2003. Further, the court reasoned, had appellants brought the matter to the court in a timely fashion, a continuance would not have been required. Appellants inexcusably delayed seeking the court's intervention, then, on the eve of trial, asked the court to for more time.
 {¶ 37} Upon careful consideration of the foregoing, we cannot conclude the trial court's decision to deny appellants additional time was an abuse of discretion. The second assignment of error is overruled.
 {¶ 38} Assignment of Error No. 3
 {¶ 39} "IT WAS ERROR FOR THE TRIAL COURT TO DENY DEFENDANTSA-PPELLANTS' MOTION TO AMEND THEIR ANSWER AND COUNTERCLAIMS TO INCLUDE COMPULSORY COUNTERCLAIMS THAT AROSE FROM THE SAME TRANSACTIONS AND OCCURRENCES THAT GAVE RISE TO PLAINTIFFA-PPELLEE'S COMPLAINT."
 {¶ 40} In their third assignment of error, appellants contend the trial court abused its discretion when it denied their motion to amend their complaint to include, as compulsory counterclaims, claims arising out of their business relationship with Provident that were originally part of the lawsuit in Hamilton County.
 {¶ 41} The grant or denial of leave to amend a pleading is discretionary and will not be reversed on appeal absent an abuse of discretion. State ex rel. Askew v. Goldhart, 75 Ohio St.3d 608, 610,1996-Ohio-448. Once an action has been placed upon the trial calendar, a party may amend his pleading only by leave of court or by written consent of the adverse party. Civ.R. 15(A). With respect to counterclaims, Civ.R. 13(F) provides that the trial court may grant leave to amend when "justice requires" or when the party has omitted the counterclaim "through oversight, inadvertence, or excusable neglect[.]" Amendments also must be brought in good faith, and not used simply as a delaying tactic. See Solowitch v. Bennett (1982), 8 Ohio App.3d 115, 116-117.
 {¶ 42} Upon reviewing appellants' motion, we do not find the trial court abused its discretion in denying their request to amend. It is apparent from the record, and from the court's written decision, that the trial court found the amendment was either sought as a delaying tactic, or was the result of inexcusable neglect.
 {¶ 43} As noted above, Provident initiated its foreclosure action against appellants on March 17, 2003. Appellants did not move to amend until October 6, 2004, more than 18 months later, and six days before trial. Appellants contend the delay was due to difficulty in getting the suit in which the claims were originally brought dismissed in Hamilton County. Appellants also contend that their initial desire was to consolidate the two cases, but that a simple dismissal of the Hamilton County case and an amendment of the Clermont County case became the "cleaner" way to go. The trial court, however, took a different view of the delay.
 {¶ 44} The court did not expressly state its reasons for denying the motion. However, at the October 6, 2004 hearing, and in its October 7, 2004 written decision granting summary judgment in favor of Provident, the trial court commented that appellants had demonstrated a propensity for delay since the inception of the lawsuit. After Provident filed their foreclosure complaint on March 17, 2003, appellants obtained three successive continuances to file an answer. Moreover, at one point in the pretrial process, Provident was forced to file a motion to compel appellants to comply with discovery.
 {¶ 45} The court also noted that a scheduling conference was held on November 26, 2003, at which time counsel for appellants advised the court that a motion to consolidate the two cases would be filed in Hamilton County. A follow-up conference was scheduled for January 23, 2004, and on that date, counsel for appellants failed to appear. The court was advised by counsel for Provident that no motion to consolidate was yet filed, and the record on appeal reveals that such a motion was never filed.
 {¶ 46} Finally, at a pretrial conference on March 30, 2004, all parties agreed to a discovery cutoff date of July 30, 2004, a cutoff date of August 16, 2004 for dispositive motions, and a trial date of October 12-15, 2004. Appellants failed to inform the court of any difficulties with complying with the agreed upon schedule until six days before trial was set to begin.
 {¶ 47} From the foregoing we can reasonably infer the trial court denied appellants' motion based upon inexcusable neglect, or that the court deemed the motion an unacceptable delaying tactic. In either case, we cannot say the court's decision to deny was arbitrary, unreasonable, and unconscionable. Appellants' third and final assignment of error is overruled.
 {¶ 48} Judgment affirmed.
Powell, P.J., and Bressler, J., Concur.
 JUDGMENT ENTRY
The assignments of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed.
It is further ordered that a mandate be sent to the Clermont County Court of Common Pleas for execution upon this judgment and that a certified copy of this Judgment Entry shall constitute the mandate pursuant to App.R. 27.
Costs to be taxed in compliance with App.R. 24.
Powell, Presiding Judge, Young, Judge, H.J. Bressler, Judge.