OPINION
{¶ 1} Plaintiff-appellant, Josie Wilson, Executrix of the Estate of Robert Madonna, appeals the decision of the Butler County Court of Common Pleas granting summary judgment in favor of defendants-appellees, American International Group, Inc., American Assurance Co., National Union Fire Insurance Co. of Pittsburgh, PA, and Culligan Water *Page 2 
Company of Ohio ("Culligan").
 {¶ 2} On January 3, 2005, appellant's decedent, Robert Madonna ("the decedent"), was fatally injured in an automobile accident allegedly caused by an underinsured driver, who maintained a $100,000 insurance policy. The decedent was employed by Culligan and was returning home from a sales call in his own personal vehicle. At the time of the accident, Culligan maintained a commercial automobile insurance policy ("the policy") with appellees, which was in effect from September 30, 2004, through September 30, 2005.
 {¶ 3} Appellant filed a complaint against appellees seeking uninsured/underinsured motorist ("UM/UIM") coverage under Culligan's commercial policy and claimed that the estate is entitled to coverage up to the policy limit of $2,000,000, less the offset for the tortfeasor's liability coverage. Appellees moved for summary judgment, arguing that the policy did not provide for UM/UIM coverage. Appellant similarly moved for summary judgment, arguing that the estate is entitled to UM/UIM coverage under the policy. The trial court issued a decision and entry on October 16, 2007, granting appellees' motion for summary judgment. From that entry, appellant timely appeals, asserting four assignments of error. For ease of discussion, we will address appellant's assignments of error out of order.
 {¶ 4} Assignment of Error No. 4:
 {¶ 5} THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S MOTION FOR SUMMARY JUDGMENT AND GRANTING THE APPELLEE'S MOTION FOR SUMMARY JUDGMENT.
 {¶ 6} Appellant argues that Culligan's policy with the insurance companies included UM/UIM coverage up to the policy's limit of $2,000,000, and because the decedent was killed by an underinsured driver while he was working within the scope of his employment, the decedent is entitled to this coverage.
 {¶ 7} This court conducts a de novo review of a trial court's decision on summary *Page 3 
judgment. White v. DePuy, Inc. (1999), 129 Ohio App.3d 472, 478. In applying the de novo standard, we review the trial court's decision independently and without deference to the trial court's determination. Id. A court may grant summary judgment only when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence submitted that reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, who is entitled to have the evidence construed most strongly in his favor. Civ. R. 56(C);Welco Indus., Inc. v. Applied Cos., 67 Ohio St.3d 344, 346,1993-Ohio-191.
 {¶ 8} Culligan's policy is a multi-state commercial automobile insurance policy covering Culligan's employees acting within the scope of their employment. The policy's "Schedule of Coverages and Covered Autos" contains four columns: Coverages, Covered Autos, Limit, and Premium. The Schedule states the "policy provides only those coverages where a charge is shown in the premium column." The Schedule's "Premium" column shows Culligan paid a $560,205 premium for liability coverage, and the "Limit" column states that liability coverage is limited to $2 million. The Schedule's "Premium" column for UM/UIM coverage provides that coverage is "included." The "Limit" column, however, states the UM/UIM coverage is "separately stated in each UM endorsement." Culligan's policy does not include a UM endorsement for Ohio. In addition, the insurance companies issued a "Binder of Risk Management Program" ("the binder") for the policy, which provides a general explanation of the policy's terms and conditions. On page 12, it specifically and conspicuously states, "No UM/UIM Coverage will be offered in the state of Ohio or Michigan."
 {¶ 9} Appellant first argues that the decedent was an "insured" for UM/UIM coverage pursuant to the policy language. In making this argument, appellant points not to language found in a UM/UIM endorsement, as one does not exist for Ohio, but instead points to language found in the liability portion of the policy. Within a form entitled "Employees and *Page 4 
Insureds," the policy states, "an employee of yours is an `insured' while using a covered `auto' you don't own, hire, or borrow in your business or your personal affairs." Appellant argues that because the decedent was acting within the scope of his employment, was injured as a result of an alleged underinsured motorist, and was allegedly insured under the policy, the decedent is entitled to UM/UIM coverage.
 {¶ 10} The Second Appellate District has resolved an identical argument in Janicki v. Zurich Am. Ins. Co., Montgomery App. No. 21876, 2007-Ohio-2971. In Janicki, the plaintiff argued that she was an "insured" under a policy because she was acting within the scope of her employment at the time of the accident. In support, the plaintiff cited the definition of who was an "insured" from the liability portion of the coverage forms. In rejecting the argument, the Second District found the policy provided for no UM/UIM coverage in Ohio, and although separate sections of the policy's coverage forms discussed who was insured, they did not mention UM/UIM coverage. The court also found because the policy was a multi-state policy, and the only discussion of UM/UIM coverage was found in specific endorsements for specific states, the policy contained "absolutely no forms or endorsements establishing that it [provided] any UM/UIM coverage in Ohio or [identified] who would qualify as an insured for purposes of such coverage." Id. at ¶ 6-7.
 {¶ 11} As the trial court found in this case, the decedent cannot qualify as an "insured" under Culligan's policy, regardless of whether he was acting within the scope of his employment, because UM/UIM coverage did not exist in Ohio. The policy contains no forms or endorsements establishing UM/UIM coverage in Ohio or identifying who would qualify as an "insured" for purposes of UM/UIM coverage in Ohio. As such, the decedent cannot qualify as an insured for coverage that does not exist.
 {¶ 12} Although appellant cites Scott-Pontzer v. Liberty Mut. FireIns. Co., 85 Ohio St.3d 660, 1999-Ohio-292, and Westfield Ins. Co. v.Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849, *Page 5 
to support her proposition that the decedent was insured for purposes of UM/UIM coverage, both cases are distinguishable from this case. InScott-Pontzer and Galatis, the employers were found to have specifically contracted for UM/UIM coverage in Ohio; whereas in this case, Culligan's commercial policy did not provide for UM/UIM coverage in Ohio. Therefore, appellant's first argument is without merit.
 {¶ 13} Secondly, appellant argues that even if the policy did not expressly provide for UM/UIM coverage, such coverage arises by operation of law "due to the failure of an effective legal offer and rejection of such coverage." In support of her argument, appellant cites cases including Gyori v. Johnston Coca-Cola Bottling Group, Inc. (1996),76 Ohio St.3d 565, 1996-Ohio-358, and Linko Indemn. Ins. Co. of N.Am., 90 Ohio St.3d 445, 2000-Ohio-92.
 {¶ 14} Prior to 2001, Ohio's uninsured motorist statute, R.C. 3937.19, required insurance companies, when providing automobile liability insurance, to also offer UM/UIM coverage in the amount equal to the liability limits of the policy. In interpreting this statute, the Ohio Supreme Court concluded that if an insurance company failed to offer UM/UIM coverage in limits equal to the limits of liability, UM/UIM coverage would arise by operation of law in the full amount of the policy limits. Abate v. Pioneer Mut. Cas. Co. (1970), 22 Ohio St.2d 161,163. The Ohio Supreme Court later concluded there must be a written valid rejection of UM/UIM coverage received by the company prior to the commencement of the policy period, and in order to have a valid rejection, there must also be a valid offer of coverage that meets specific requirements. Gyori; Linko.
 {¶ 15} In response to these Ohio Supreme Court decisions, Ohio's General Assembly enacted various changes to R.C. 3937.18. Significantly, effective October 31, 2001, Senate Bill 97 amended R.C. 3937.18 by eliminating the requirement that insurers offer UM/UIM coverage and the requirement of a written offer, selection, or rejection form for UM/UIM coverage. Moreover, the General Assembly expressed in its legislative history an intention to *Page 6 
supersede the Ohio Supreme Court's holdings in Linko, Gyori, andScott-Pontzer. See Section 3(E), Am. Sub. S.B. No. 97, 149 Ohio Laws, Part I, 779, 788-90.
 {¶ 16} The statutory law in effect at the time an insurance policy is issued or renewed defines the scope of UM/UIM coverage in the policy.Wolfe v. Wolfe, 88 Ohio St.3d 246, 266, 2000-Ohio-322; Ross v. FarmersIns. Group of Cos., 82 Ohio St.3d 281, 287, 1998-Ohio-381. As the trial court found in this case, Culligan's policy was issued for a period from September 30, 2004, through September 30, 2005. Pursuant to R.C. 3937.18, effective October 2001, "[a]ny policy of insurance delivered or issued for delivery in this state * * * that insures against loss resulting from liability * * * may, but is not required to, include uninsured motorist coverage, underinsured motorist coverage, or both uninsured and underinsured motorist coverage." Because R.C. 3937.18 no longer requires insurance companies to offer and obtain a written rejection of UM/UIM coverage, the decedent, at the time of the accident, was not entitled to UM/UIM coverage as a matter of law. Marron v. USAACas. Ins. Co., Butler App. No. CA2005-07-204, 2006-Ohio-2247, at ¶ 24, citing Burton v. Allstate Ins. Co., Butler App. No. CA2004-10-247,2005-Ohio-5291, at ¶ 12-13. Accordingly, appellant's second argument based on abrogated case law is wholly without merit.
 {¶ 17} Finally, appellant argues that Culligan's policy with appellees is "sufficiently ambiguous such that it provides UM/UIM coverage." Specifically, appellant asserts the policy contains ambiguous language regarding the "Schedule of Coverages and Covered Autos," including the term "covered auto," and that UM/UIM insurance was listed as "included" in the policy. In addition, appellant claims that there is ambiguity concerning who qualifies as an "insured" under the policy.
 {¶ 18} If the language of an insurance contract is clear and unambiguous, courts must enforce the contract as written, giving the contract's language its plain and ordinary meaning. Hybud Equip. Corp.v. Sphere Drake Ins. Co., Ltd. (1992), 64 Ohio St.3d 657, 665; Townev. *Page 7 Progressive Ins. Co., Butler App. No. CA2005-02-031, 2005-Ohio-7030. Ambiguity exists where contract language is susceptible to two or more reasonable interpretations, and any ambiguities are construed against the insurer and liberally in favor of the insured. King v. NationwideIns.Co.(1988), 35 Ohio St.3d 208, 211.
 {¶ 19} Despite appellant's contentions, Culligan's policy with appellees is clear and unambiguous. The policy is a multi-state policy. As such, it contains premium and covered automobile information for UM/UIM coverage because UM/UIM coverage is being provided in certain states. As the trial court explained, the policy states that it "provides only those coverages where a charge is shown in the premium column." The schedule's premium column provides that UM/UIM coverage is "included" in the policy. The schedule's limit column states the coverage is "separately stated in each UM endorsement." The policy does not contain an endorsement for Ohio. As the trial court found, the policy is unambiguous in its denial of UM/UIM coverage for Ohio. Therefore, appellant's argument is without merit.
 {¶ 20} Accordingly, the trial court did not err in granting summary judgment in favor of appellees. Appellant is not entitled to UM/UIM coverage under the policy, as it is clear the policy contains absolutely no forms or endorsements providing for UM/UIM coverage in Ohio. Appellant's fourth assignment of error is overruled.
 {¶ 21} Assignment of Error No. 2:
 {¶ 22} THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S MOTION TO DEEM REQUESTS FOR ADMISSION AS ADMITTED.
 {¶ 23} Appellant argues the trial court erred in presumably overruling her motion to deem requests for admission as admitted pursuant to Civ. R. 36(A).[1] The rule addresses *Page 8 
requests for admissions and provides, in pertinent part, "the matter is admitted unless, within a period designated in the request, not less than twenty-eight days after service thereof or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney."
 {¶ 24} Appellant asserts the requests for admission were submitted to each appellee, and the responses "refused to admit, or deny, either due to an alleged lack of information or lack of clarity or alleged legal conclusion in the request." Appellant alleges the failure to admit or deny covers the following issues: (1) verification of appellees' insurance records, (2) the decedent's employment with Culligan on the date of his death, (3) the accident that killed him and the insurance/finances of the driver who killed him, and (4) the lack of an offer and rejection of UM/UIM coverage. Appellees did not file an objection to appellant's request.
 {¶ 25} Significantly, even if the trial court had deemed all of appellant's requests as admitted, appellees' motion for summary judgment was still properly granted. Those admissions do not change the fact that Culligan's insurance policy with appellees does not provide for UM/UIM coverage in Ohio, as previously discussed. Therefore, the trial court did not err in overruling appellant's motion, and appellant's second assignment of error is overruled.
 {¶ 26} Assignment of Error No. 3:
 {¶ 27} THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S MOTION TO STRIKE.
 {¶ 28} Appellant asserts the trial court erred by presumably denying her motion to strike the binder accompanying the insurance policy as material improper for summary *Page 9 
judgment and asserts the trial court incorrectly relied on such material in granting appellees' motion. Appellant alleges the binder was not properly sworn or authenticated, rendering it inadmissible, pursuant to Civ. R. 56(C) and (E). The determination of a motion to strike is vested within the broad discretion of the trial court. State ex rel. Morgan v.New Lexington, 112 Ohio St.3d 33, 2006-Ohio-6365, ¶ 26. See alsoState v. Finnerty (1989), 45 Ohio St.3d 104, 107.
 {¶ 29} Civ. R. 56(C) sets forth the kind of evidence that may be considered in a motion for summary judgment: pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact. Although the term "pleading" does not encompass attached exhibits, a party may properly introduce evidence not specifically authorized by Civ. R. 56(C) by incorporating it by reference through a properly framed affidavit pursuant to Civ. R. 56(E). Skidmore Assoc. Co. v.Southerland (1993), 89 Ohio App.3d 177, 179.
 {¶ 30} Pursuant to Civ. R. 56(E), an affidavit "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. Sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit." After a series of motions and responses from the parties, appellees submitted a notice to supplement the record and an affidavit of Brian Froelich to authenticate the attached certified copies of the insurance policy and binder. According to the affidavit, Froelich was a current underwriting manager for AIG Risk Management. Based on his knowledge, he testified that Culligan was issued the policy and binder for the period of September 30, 2004, to September 30, 2005. Therefore, appellant's third assignment of error is overruled, as the record demonstrates the trial court did not abuse its discretion in allowing the authenticated certified copies of the insurance policy and binder. *Page 10 
 {¶ 31} Assignment of Error No. 1:
 {¶ 32} THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S MOTION TO CONTINUE SUMMARY JUDGMENT PENDING ADDITIONAL DISCOVERY.
 {¶ 33} Appellant argues the trial court erred in denying her motion for additional discovery pursuant to Civ. R. 56(F), which she claims was necessary to properly respond to appellees' motion for summary judgment. Civ. R. 56(F) permits a party to request additional time to obtain through discovery the facts necessary to adequately oppose a motion for summary judgment. The Provident Bank v. Adriatic, Inc., Clermont App. No. CA2004-12-108, 2005-Ohio-5774, at ¶ 29. A party seeking a Civ. R. 56(F) continuance has the burden to establish the factual basis and reasons why the party cannot present sufficient facts to justify its opposition without a continuance. Id., at ¶ 31, citing Glimcher v.Reinhorn (1991), 68 Ohio App.3d 131, 138. A trial court's denial of the motion will not be reversed absent an abuse of discretion. Id., citation omitted.
 {¶ 34} Appellant's motion for a continuance appears to stem from appellees' responses to appellant's requests for admission and the fact that appellees used the binder to support their motion for summary judgment. Appellant asserts additional discovery was needed to investigate the following alleged discrepancies and omissions from the evidence: (1) whether there was an offer/rejection of UM/UIM coverage, (2) whether there were any negotiated exclusions of UM/UIM coverage, (3) the language of the binder versus the language of the policy, (4) whether the policy at issue was a renewal or original policy, (5) whether the decedent was acting within the scope of his employment on the day of his death, and (6) conflicting policies submitted by appellees.
 {¶ 35} As previously discussed, effective October 2001, R.C. 3937.18
no longer requires insurers in Ohio to offer UM/UIM coverage. Also, as previously discussed, the language contained in the binder and the language contained in the policy were unambiguous *Page 11 
and consistent with one another. It is clear that no UM/UIM coverage in Ohio existed under the policy in effect at the time of the accident. In addition, it appears from the record that the issue of conflicting policies submitted by appellees was discovered by appellees' counsel and rectified immediately. Therefore, appellant claims she needed time for additional discovery for issues either previously resolved or irrelevant to the matter before the court. Accordingly, the trial court did not abuse its discretion in overruling the motion. Appellant's first assignment of error is overruled.
¶ 36} Judgment affirmed.
WALSH, P.J. and YOUNG, J., concur.
[1] The trial court failed to rule on appellant's motion to strike and motion to deem requested admissions admitted, and implicitly overruled both motions when it granted appellee's motion for summary judgment. Where a trial court fails to rule on a motion, we will presume the motion was overruled. See State v. Ryerson, Butler App. No. CA2003-06-153, 2004-Ohio-3353, citing State ex rel. The V. Cos. v.Marshall, 81 Ohio St.3d 467, 469, 1998-Ohio-329. See also Boiling v.Marzocco (July 9, 1999), Montgomery App. No. 17456; Bizjack v.Bizjack, Lake App. No. 2004-L-083, 2005-Ohio-7047. *Page 1